**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No. 14-10069** |
| **DIVERSIFIED SOLUTIONS, INC.** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**SUPPLEMENT TO DEBTOR'S**
**EXPEDITED MOTION TO ENFORCE THE AUTOMATIC STAY**

**MOVANT HAS REQUESTED EXPEDITED CONSIDERATION OF THIS MOTION.**

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

DIVERSIFIED SOLUTIONS, INC., the Debtor-In-Possession, files this Supplement To Expedited Motion to Enforce the Automatic Stay and in support thereof would respectfully show the Court the following:

1. On January 16, 2014, Judge Warren W. Eginton, presiding judge of the Connecticut proceeding styled "*Garnet Analytics, Inc. v. Diversified Solutions, Inc., et al.*", Case No. 3:12-cv-00716-WWE, District Court of Connecticut (New Haven), issued the attached Order regarding the Debtor's bankruptcy and its impact on the Connecticut proceedings.

Respectfully submitted,

HUSCH BLACKWELL LLP
111 Congress Ave., Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 226-7318 (Fax)
lynn.butler@huschblackwell

By:*/s/ Lynn Hamilton Butler*
    Lynn Hamilton Butler
    State Bar No. 03527350

PROPOSED ATTORNEYS FOR DEBTOR
DIVERSIFIED SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16TH day of January, 2014, a true and correct copy of the foregoing pleading was served, via the Court's CM/ECF notification system and/or regular first class mail, on the parties set forth on the attached Service List.  The foregoing pleading was also served by email on counsel for Garnet Analytics, Inc. at:

McCormack, Christopher P. [mailto:CMcCormack@PULLCOM.COM]

*/s/ Lynn Hamilton Butler*
Lynn Hamilton Butler

2

AUS-5693131-1 519891/1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GARNET ANALYTICS, INC.,        :     3:12cv716 (WWE)
     Plaintiff,             :
V.                           :
                            :
DIVERSIFIED SOLUTIONS, INC.,   :
MICHAEL LUNDY, BRIAN SOL,    :
     Defendants.          :

## ORDER

Plaintiff has filed a motion for an order regarding the effect of defendant Diversified Solutions, Inc.'s bankruptcy petition.  As stated by the Suggestion of Bankruptcy, Diversified Solutions is the only party in this case that has filed a bankruptcy petition.  According to plaintiff's brief and as indicated by the Suggestion of Bankruptcy, defendants maintain that the entire case is stayed.

Although the bankruptcy petition occurred on January 14, 2014, the Suggestion of Bankruptcy was not filed by defendants until 2:42 pm on January 15, 2014. Defendant's counsel did not contact the undersigned's chambers to alert it of the bankruptcy petition and to determine its effect on this case.  After the Suggestion of Bankruptcy was noted on the docket, chambers staff attempted to contact counsel to arrange a conference call with counsel concerning the scope of the automatic stay and the show cause hearing scheduled for January 16, 2014.  Counsel was not available; Attorney Joseph Arcata, who represents defendants, was reported to be in a mediation. Thus, on the day prior to the date of the show cause hearing, the Court did not have the opportunity to discuss with counsel the effect of Diversified Solutions' bankruptcy petition.  The Court excuses the individual defendants from appearing before it at the show cause hearing scheduled for January 15, 2014.

However, it is well established that Section 362 does not apply to stay a case against non-debtor co-defendants.  Teachers Ins. And Annuity Ass'n of America v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) ("it is well-established that stays pursuant to section 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.").  According to the Second Circuit, the assertion that section 362(a)(1) automatically applies to third parties "exceeds the bounds of responsible advocacy." Queenie, Ltd. v. Nygard Intern, 321 F.3d 282, 287 (2d Cir. 2003).

The Court notes that exceptions to this general rule exist for the unusual case; such cases tend to involve an immediate adverse consequence for the debtor's estate or where there exists an "identity of interests" such that a judgment against the nondebtor would be tantamount to one against a debtor.  Queenie, Ltd., 321 F.3d at 287; AH Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).  Courts have stayed actions against corporate officers of a bankrupt corporate codefendant where the corporation had an obligation to indemnify its corporate officers.  Queenie, Ltd., 321 F.3d at 288.   In this instance, the individual defendants have not provided any indication of a basis to extend the stay of section 362(a)(a) to the action pending against them.  Here, the bankruptcy petition applies only to Diversified Solutions; thus, the automatic stay under 11 U.S.C. § 362(a) applies only to Diversified Solutions rather than the individual defendants.

Defendants Sol and Lundy have consistently flaunted this Court's authority and its orders.  On August 8, 2014, Magistrate Judge Fitzsimmons issued a capias order commanding the arrest of the individual defendants after they failed to appear before her. Based on the precedent interpreting section 362(a) and the record of this case, the

individual defendants appear to have used the Suggestion of Bankruptcy, and any confusion about the extent of the stay caused thereby, to avoid compliance with this Court's orders to provide supplemental asset disclosure and to show cause why they should not be held in contempt for failure to submit assets for attachment. These orders are still in force.

The Court orders compliance with its orders by January 17, 2014.

The show cause hearing is rescheduled before the undersigned to 10:00 AM on January 17, 2014 at 10 AM in Courtroom 3-Annex at 915 Lafayette Boulevard, Bridgeport, Connecticut. Failure to appear before this Court in personam may result in the issuance of another capias.


SO ORDERED this 16th of January, 2014 in Bridgeport, Connecticut.



_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE