IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIVERSIFIED SOLUTIONS, INC., | § | CASE NO. 14-10069-TMD |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**DIVERSIFIED SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS
EXPEDITED MOTION TO ENFORCE THE AUTOMATIC STAY**
[Relating to Docket No. 4]

Diversified Solutions, Inc. (the "Debtor") files its *Reply in Support of its Expedited Motion to Enforce the Automatic Stay* ("*Reply*"). In support of its *Reply*, the Debtor states the following:

**I. PRELIMINARY STATEMENT**

1. In 2004, the Debtor executed an indemnity agreement in which the Debtor agreed to indemnify, defend, and hold harmless Brian Sol and Michael Lundy, its corporate officers, for any and all claims.[1] This indemnity agreement is sufficient to extend the automatic stay to the fraud claim against Brian Sol and Michael Lundy in the pending federal court litigation because "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003), quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th 1986). Because of the indemnity agreement, a judgment against either Brian Sol or Michael Lundy will, in effect, be a judgment against the Debtor. *Compare with Arnold v. Garlock*, 278 F.3d 426, 436 (5th Cir. 2001) (declining to extend the automatic stay to non-debtors because, "There is no claim of a formal tie or contractual indemnification to create such an identity of

---

[1] The indemnity agreement is attached as *Exhibit A*.

interests."). Thus, this Court should extend the automatic stay to Brian Sol and Michael Lundy in the pending federal court litigation.

## II. ARGUMENT

2. "Once a party files in bankruptcy, under Chapter 11, for example, 11 U.S.C. § 362, et seq., stays further actions against the debtor. Virtually any act attempting to enforce a judgment against or obtain property from the estate of the debtor is stayed once the title 11 proceedings are commenced." *Id*. at 435-36. The automatic stay generally does not apply to non-debtors. *Id*. at 436.

3. However, courts have extended the automatic stay to non-debtors "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). *See also Reliant Energy*, 349 F.3d at 825 (stating same). The debtor in *A.H. Robins* was the manufacturer of the Dalkon Shield, an intrauterine device. *A.H. Robins*, 788 F.2d at 996. Several lawsuits were filed against the debtor alleging that the Dalkon Shield was defective. *Id*. The debtor's liability insurer or officers were defendants in some of these lawsuits. *Id*. at 996-97.

4. The Fourth Circuit extended the automatic stay to litigation against the Debtor's officers because it recognized an extension is appropriate in certain situations. "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *Id*. at 999. Using this reasoning, the Fourth Circuit in *A.H. Robins* extended the automatic stay to the Debtor's officers because the officers had indemnification rights against the Debtor. *Id.* at 1008.

2

4. The Fifth Circuit has used the same standard set out in *A.H. Robins* in determining whether the automatic stay extends to non-debtors. *See Arnold*, 278 F.3d at 436; *Reliant Energy*, 349 F.3d at 825. In *Arnold*, the Fifth Circuit declined to extend the automatic stay to a non-debtor because, unlike the officers in *A.H. Robins*, the non-debtors did not have a formal tie to or indemnification rights against the debtors. *Arnold*, 278 F.3d at 436. *See also Reliant Energy*, 349 F.3d at 826 (remanding back to district court to determine whether master netting agreement involving bankrupt Enron entities was a joint obligation).

5. In this case, Brian Sol's and Michael Lundy's indemnification rights against the Debtor are intertwined with the Debtor such that the Debtor remains the real party in interest in the federal court litigation against Brian Sol and Michael Lundy. "An indemnification claim against the debtor—even if it is ultimately unsuccessful—may fall within § 362(a)(3) because it has an 'immediate adverse economic consequence for the debtor's estate." *In Re Jefferson County, Alabama*, 491 B.R. 277, 296 (Bankr. N.D. Al. 2013). This is because, "a claim against the [indemnitees] will, when entered, constitute a claim (and hence, an 'immediate adverse economic consequence') against the estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d. Cir. 2003).

6. Additionally, to permit the fraud claim to proceed against these two individuals but not the Debtor will create a potential preclusive effect against the Debtor. "[C]ourts have stayed proceedings against non-debtor defendants when the proceedings would have a potential preclusive effect that would force the debtors to participate in the proceedings as if they were a party." *Jefferson County*, 491 B.R. at 293. That is exactly what the Debtor is facing in the federal court litigation. The fraud claim asserted against Brian Sol and Michael Lundy is exactly the same fraud claim asserted against the Debtor. Additionally, the fraud claim against Brian Sol

3

and Michael Lundy incorporates allegations and theories of liability advanced in claims that are asserted against only the Debtor. Should the federal court litigation proceed against Brian Sol and Michael Lundy, the Debtor would either: (i) be forced to participate in the federal court litigation so that it can avoid potential issue preclusion or (ii) not participate in the federal court litigation and run the risk of issue preclusion with respect to the claims asserted against it. This is an untenable result, and further illustrates why this Court should extend the automatic stay to Brian Sol and Michael Lundy.

WHEREFORE, the Debtor requests that this Court: (i) enter an order extending the automatic stay to Brian Sol and Michael Lundy and (ii) grant such further relief to which the Debtor is justly entitled.

Date: January 20, 2014

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 226-7318 (fax)
lynn.butler@huschblackwell.com
sam.chang@huschblackwell.com

By: */s/ Lynn Hamilton Butler*
    Lynn Hamilton Butler
    State Bar No. 03527350
    Sam Chang
    State Bar No. 24078333

PROPOSED ATTORNEYS FOR
DIVERSIFIED SOLUTIONS, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2014, a true and correct copy of the foregoing pleading was served, via the Court's CM/ECF notification system to the parties registered to receive notice on such system, and via first class mail, the next day, to the parties on the attached mailing matrix.

                                      */s/ Lynn Hamilton Butler*
                                      Lynn Hamilton Butler

Indemnification Agreement between Diversified Solutions, Inc. and its Corporate Officers

Diversified Solutions, Inc. shall fully indemnify, defend, and hold harmless its shareholders, directors, officers, (collectively the "Indemnified Parties") harmless from and against, and agree promptly to defend the Indemnified Parties from and reimburse the Indemnified Parties for, any and all losses, damages, costs, suits (civil or criminal), injuries (whether to person or property), deaths, expenses, liabilities, obligations and claims of any kind whatsoever (including, without limitation, reasonable attorneys' fees and other costs and expenses incurred in connection herewith or in the investigation of any claims made hereunder or enforcement of rights hereunder) (collectively, "Claims") incurred by any of the Indemnified Parties.

If any provision herein is held to be illegal or unenforceable the other provisions shall nevertheless remain in full force and effect.

Effective Date: 9/30/04

Authorized Signature: _____

Brian J. Sol/ Vice President/Secretary/ Chief Financial Officer

Date: 10/1/04

Authorized Signature: _____

Michael J. Lundy/ President & Chief Executive Officer

Date: _____

**Exhibit A**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 14-10069-tmd<br>Western District of Texas<br>Austin<br>Mon Jan 20 19:08:14 CST 2014 | Diversified Solutions, Inc.<br>8101 Avella Drive<br>Austin, TX 78729-4939 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| Adam S. Mocciolo<br>Pullman & Comley<br>850 Main Street<br>Bridgeport, CT 06604-4988 | Alison Marie Perry<br>Pullman & Comley<br>840 Main Street<br>Bridgeport, CT 06604 | Amber Giles<br>5102 Doss Road<br>Austin, TX 78734-1209 |
| American Express<br>Attn: Bankruptcy Division<br>P.O. Box 360002<br>Fort Lauderdale, FL 33336-0002 | Anthem Blue Cross<br>P.O. Box 9051<br>Oxnard, CA 93031-9051 | Audimation Services, Inc.<br>1250 Wood Branch Park Dr., Suite 480<br>Houston, TX 77079-1212 |
| Brian J. Sol<br>P.O. Box 2472<br>Stateline, NV 89449-2472 | CH Services, Inc.<br>11011 Domain Drive<br>Austin, TX 78758-7764 | Christopher P. McCormack<br>Pullman & Comley<br>840 Main Street<br>Bridgeport, CT 06604 |
| Cody Hobza<br>13008 Hymeadow Circle<br>Austin, TX 78729-1758 | Dan Hernandez<br>2635 W. 45th<br>Austin, TX 78731-5941 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Diamond Aviation Services<br>3205 Paseo Vista<br>San Martin, CA 95046-9700 | Earthnet, Inc.<br>4735 Walnut St., Suite F<br>Boulder, CO 80301-2553 | Elizabeth Viveros<br>1175 Prussian Way<br>Oceanside, CA 92057-1840 |
| Employment Development Department<br>State of California<br>Bankruptcy Unit - MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | FedEx<br>Attn: Bankruptcy Div.<br>P.O. Box 7221<br>Pasadena, CA 91109-7321 | Franchise Tax Board<br>Bankruptcy Section, MS A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 |
| Garnet Analytics, Inc.<br>324 Elm Street, Suite 103B<br>Monroe, CT 06468-2283 | Halloran & Sage LLP<br>Attn: Joseph J. Arcata, III, Esq.<br>One Goodwin Square<br>225 Asylum St.<br>Hartford, CT 06103-1516 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Kondler & Associates<br>6460 Medical Center St., Suite 230<br>Las Vegas, NV 89148-2421 | Larry Conklin<br>1175 Prussian Way<br>Oceanside, CA 92057-1840 | Lubich & Lubich<br>16375 Monterey Road, Suite N<br>Morgan Hill, CA 95037-5442 |
| Lynn H. Butler<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701-4093 | Manaya Management, Inc.<br>P.O. Box 2472<br>Stateline, NV 89449-2472 | Mark Astleford<br>15450 FM 1325 - Apt. # 1536<br>Austin, TX 78728-2838 |

| | | |
|---|---|---|
| Michael Lundy<br>8101 Avella Drive<br>Austin, TX 78729-4939 | Moco Tax<br>3080 Bristol Street, Suite 110<br>Costa Mesa, CA 92626-3055 | PM3 Consulting, Inc.<br>3220 Feathergrass Ct., 9106<br>Austin, TX 78758-7778 |
| Patricia Menz<br>2207 Pasadena Dr., #9<br>Austin, TX 78757-2214 | Premiere Global Services<br>P.O. Box 404351<br>Atlanta, GA 30384-4351 | Secretary of State<br>State of California<br>1500 11th Street<br>Sacramento, CA 95814-5701 |
| Secrtary of the Treasury<br>1500 Pennsylvania Avenue, N.W.<br>Washington, DC 20220-0001 | Sourcive, Inc.<br>4255 Garlan Lane<br>Reno, NV 89509-5444 | (p)CALIFORNIA STATE BOARD OF EQUALIZATION<br>ACCOUNT REFERENCE GROUP MIC 29<br>P O BOX 942879<br>SACRAMENTO CA 94279-0029 |
| Texas Attorney General<br>Bankruptcy & Collections Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | Texas Workforce Commission<br>Tax-Collections<br>101 E. 15th Street<br>Austin, TX 78778-0001 |
| Tristan Scott Cowperthwait<br>Pullman & Comley<br>840 Main Street<br>Bridgeport, CT 06604 | U.S. Attorney General<br>Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0009 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| U.S. Department of the Treasury<br>Attn: Bankruptcy Dept.<br>Ogden, UT 84201-0001 | Unified Services<br>2635 W. 45th<br>Austin, TX 78731-5941 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |
| Verizon<br>Attn: Bankruptcy Div<br>P.O. Box 920041<br>Dallas, TX 75392-0041 | Verizon Wireless<br>Attn: Bankruptcy Div.<br>P.o. Box 660108<br>Dallas, TX 75266-0108 | Wells Fargo Business Card<br>P.O. Box 54349<br>Los Angeles, CA 90054-0349 |
| Williamson County Tax Assessor<br>904 South Main<br>Georgetown, TX 78626-5829 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Department of Treasury<br>Attn: Bankruptcy Div.<br>P.O. Box 105083<br>Atlanta, GA 30348 | (d)Internal Revenue Service<br>Attn: Bankruptcy Division<br>P.O. Box 105078<br>Atlanta, GA 30348 | (d)Internal Revenue Service<br>Attn: Bankruptcy Division<br>P.O. Box 105083<br>Atlanta, GA 30348 |

| | | |
|---|---|---|
| State Board of Equalization<br>State of California<br>Account & Analysis & Control Section<br>P.O. Box 942879<br>Sacramento, CA 94279 | Texas Comptroller<br>c/o Susan Combs<br>P.O. Box 13528<br>Austin, TX 78711-3528 | U.S. Bank<br>P.O. Box 790408<br>Saint Louis, MO 63179 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Brian J. Sol.<br>P.O. Box 2472<br>Stateline, NV 89449-2472 | (d)Lynn H. Butler<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701-4093 | End of Label Matrix<br>Mailable recipients    51<br>Bypassed recipients     2<br>Total                  53 |