**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | x : | Chapter 11 |
| DIVERSIFIED SOLUTIONS, INC., | : : | Case No. 14-10069 (TMD) |
| Debtor. | : x | |

**SUPPLEMENTAL RESPONSE OF GARNET ANALYTICS, INC.**
**IN OPPOSITION TO EXPEDITED MOTION TO ENFORCE AUTOMATIC STAY**

Garnet Analytics, Inc. ("GAI") respectfully submits this Supplemental Memorandum to advise the Court of newly-acquired information relevant to the question of whether the automatic stay extends to nondebtors Michael Lundy and Brian Sol. Familiarity with "Debtor's Expedited Motion to Enforce the Automatic Stay" (doc. 4, Jan. 16, 2014) ("Expedited Motion") and related filings is assumed.

1. After filing the Expedited Motion, the Debtor produced a document purporting to be an indemnification agreement by DSI covering Messrs. Lundy and Sol, its President and Vice President, respectively. Debtor argued that the stay should apply to them because a judgment against them would, by virtue of the indemnity, be tantamount to a judgment against the Debtor itself. "Diversified Solutions, Inc.'s Reply in Support of Its Expedited Motion to Enforce the Automatic Stay [Relating to Docket No. 4]" (doc. 11, Jan. 20, 2014) ("DSI Reply"), ¶¶ 1-5; *see also id*. Exhibit A ("Indemnification Agreement between Diversified Solutions, Inc. and its Corporate Officers" effective as of Sept. 30, 2004) ("Indemnification Agreement").

2.      The Debtor is a California corporation. *See* doc. 2, Jan. 14, 2014 ("Certificate of Resolution" of "Diversified Solutions, Inc./A California For-Profit Corporation"). "Texas, like most other states, follows the 'internal affairs doctrine.' That is, the internal affairs of the foreign corporation, 'including but not limited to the rights, powers, and duties of its board of directors and shareholders and matters relating to its shares,' are governed by the laws of the jurisdiction of incorporation." *Hollis v. Hill*, 232 F.3d 460, 464, 465 (5th Cir. 2000). *See also Krafsur v. Spira Footwear, Inc.*, 2008 WL 821576, at *3 (W.D. Tex. Mar. 27, 2008) (issue of indemnification of corporate directors fell with the internal affairs doctrine as applied in Texas and, accordingly, would be decided under the laws of Delaware, the corporation's state of incorporation).

3.      California law provides that a written indemnification agreement pursuant to which a corporation indemnifies officers or directors must be authorized by the corporation's Articles of Incorporation. Cal. Corp. Code § 317(g) (indemnification "under any bylaw, agreement, vote of shareholders or disinterested directors, or otherwise" is valid "to the extent the additional rights to indemnification are authorized in the articles of the corporation"). A reference in the articles of incorporation is sufficient if it provides for indemnification "in excess of that otherwise permitted by Section 317" or "to the fullest extent permissible under California law" or the substantial equivalent. Cal. Corp. Code § 317(g). These requirements apply to the Indemnification Agreement.

4.      Independent of the foregoing authority for indemnity agreements properly rooted in articles of incorporation, California law also permits a corporation to authorize indemnification of officers and directors if approved by the disinterested directors or shareholders, by independent legal counsel or by the court in which the proceeding at issue is

pending. Cal. Corp. Code §317(b) and (e). But the Debtor has produced no evidence of any such authorization, so its position regarding applicability of the automatic stay to the nondebtors rests on the Indemnification Agreement.

5. California law makes other provision for indemnification of "persons other than the directors and officers" Cal. Corp. Code § 317(g). But Messrs. Lundy and Sol are officers of DSI (see doc. 2, Jan. 14, 2014) (corporate resolution of DSI by these individuals as "officers and owners"). They are thus by definition not "persons other than the directors and officers," so these additional statutory criteria are irrelevant here.

6. On January 27, 2014, Debtor's counsel produced by email a copy of "Articles of Incorporation of Diversified Solutions, Inc.," organized under the law of California. A true and correct copy of the document, dated Sept. 28, 2004, is annexed hereto as Exhibit A ("DSI Articles of Incorporation").

7. The DSI Articles of Incorporation make no provision for indemnification of officers or directors. Even assuming its authenticity,[1] the Indemnification Agreement is therefore not validly authorized under California law and has no force or effect.

8. Because the automatic stay applies to non-debtors only "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate," *Queenie, Ltd. v. Nygard Int'l*, 321 F. 3d 282, 287 (2d Cir. 2003), the lack of a valid indemnification agreement here means that there is no basis for granting the nondebtor individuals Lundy and Sol the benefit of the automatic stay as to the Connecticut litigation. They can have no claim for indemnity against a corporation that has not validly adopted the agreement on which they rely.

---

[1] As the Court is aware, a request has been made to Debtor's counsel to provide an electronic copy of the Indemnification Agreement with intact metadata to verify the date of creation. As of this writing, no such copy has been forthcoming.

3

9. Notwithstanding the foregoing, GAI acknowledges that prior orders of this Court and the District of Connecticut have recognized the need to coordinate proceedings. Accordingly, GAI requests at this time only that the Court deny the Debtor's Expedited Motion to the extent necessary to permit the United States District Court for the District of Connecticut to enforce against Messrs. Lundy and Sol its outstanding orders requiring them individually to submit assets for attachment. In accordance with this Court's "Order on Expedited Motion to Enforce Automatic Stay" (doc. 15, Jan. 21, 2014), ¶¶13-14, GAI requests that the Court otherwise retain the provisional stay here in conjunction with the conditional stay ordered in the District of Connecticut pending further briefing and disposition of motions addressed to the overall coordination of these cases.

10. These limitations in turn eliminate any concern with preclusive effect as to the Debtor, cited by Debtor as an additional factor for extending the stay as to the individuals. See DSI Reply, ¶ 6. Without conceding that the potential for preclusive effect would justify a stay in favor of these individuals, there can be no dispute that a ruling limited as GAI proposes would have no such potential.

11. GAI finally urges the Court to weigh these requests with due regard for the substantive right of GAI under Connecticut law to have prejudgment security against these individuals. This right has been established in the District of Connecticut at great cost and after substantial delay, and as GAI has pointed out, that Court has expressed concern that "the individual defendants appear to have used the Suggestion of Bankruptcy … to avoid compliance with this Court's orders." See "Order" (Jan. 16, 2014) (copy on file with "Supplement to Debtor's Expedited Motion to Enforce the Automatic Stay" (doc. 5, Jan. 16, 2014)), at 3. The same could be said of the vigorous efforts made in this proceeding to afford these individuals the

protection of the automatic stay. But the corporate debtor has no obligation to honor an Indemnification Agreement not validly authorized under California law. These individuals should not be allowed to hide behind it to further frustrate GAI's duly adjudicated right to prejudgment security.

Dated:  Bridgeport, Connecticut
January 30, 2014

Respectfully submitted,
GARNET ANALYTICS, INC.
      /s/Irve J. Goldman
By:  Christopher P. McCormack
Irve J. Goldman
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
Telephone: (203) 330-2000
Facsimile: (203) 576-8888
cmccormack@pullcom.com
igoldman@pullcom.com
Its Attorneys

*and*

Dated:  Houston, Texas
January 30, 2014

      /s/ Hugh M. Ray, III
By:  Hugh M. Ray, III
McKool Smith
600 Travis, Suite 7000
Houston, Texas  77002
Telephone:  713-485-7303
Facsimile:   713-485-7344 F
hmray@McKoolSmith.com
Its Attorneys

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this Supplemental Response upon each attorney of record on this the 30th day of January, 2014.

Lynn Hamilton Butler, Esq.
Husch Blackwell LLP
111 Congress Avenue – Suite 1400
Austin, TX 78701

Joseph J. Arcata, III, Esq.
Halloran & Sage LLP
225 Asylum Street
One Goodwin Square
Hartford, CT 06103

/s/ Irve J. Goldman
Christopher P. McCormack
Irve J. Goldman
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
Facsimile: (203) 576-8888
igoldman@pullcom.com

# ARTICLES OF INCORPORATION
## OF
## DIVERSIFIED SOLUTIONS, INC.

**ENDORSED - FILED** in the office of the Secretary of State of the State of California

**SEP 2 8 2004**

**KEVIN SHELLEY**
**Secretary of State**

**I:** The name of the corporation (hereinafter referred to as the "corporation") is:
**DIVERSIFIED SOLUTIONS, INC.**

**II:** The existence of the corporation is perpetual.

**III:** The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California, other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

**IV:** The name of the corporation's initial agent for service of process within the State of California in accordance with the provisions of subdivision (b) of Section 1502 of the Corporations Code of the State of California is Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service.

**V:** The total number of shares which the corporation is authorized to issue is 10000000, all of which are of one class and of a par value of $ 0.00 each, and all of which are Common shares.

The Board of Directors of the corporation may issue any or all of the aforesaid authorized shares of the corporation from time to time for such consideration as it shall determine and may determine from time to time the amount of such consideration, if any, to be credited to paid-in surplus.

Signed on September 28, 2004

Tonja M. Myers, Incorporator