## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 14-10069** |
| **DIVERSIFIED SOLUTIONS, INC.** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

### DIVERSIFIED SOLUTIONS, INC.'S
### AMENDED APPLICATION TO EMPLOY BANKRUPTCY COUNSEL

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE UNITED STATES BANKRUPTCY JUDGE:

Diversified Solutions, Inc. (the "Debtor") files this its Amended Application to Employ Bankruptcy Counsel ("Amended Application To Employ"), seeking to employ Lynn Hamilton Butler and the law firm Husch Blackwell LLP (collectively, "Husch Blackwell"). In support of its Amended Application To Employ, the Debtor shows the following:

### I.
### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this district under 28 U.S.C. § 1409(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### II.
### Background

2.      On January 14, 2014 ("Petition Date"), the Debtor filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code.

3.      The Debtor seeks to employ Husch Blackwell to serve as its bankruptcy counsel in its bankruptcy case.  Husch Blackwell has been selected by the Debtor because its attorneys and staff are knowledgeable and experienced in bankruptcy cases, including those involving single asset real estate cases.  Husch Blackwell has been debtor counsel to a number of single asset real estate debtors, as well as other real estate-oriented Chapter 11 debtors.

## III.
## Relief Requested

4.      Section 327(a) of the Bankruptcy Code states:  "the trustee . . . may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).

5.      Under Section 327(a), a professional must not hold or represent an interest adverse to the estate, and the professional must be disinterested person.  A disinterested person is defined as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

6.      These two requirements of Section 327(a) "form one hallmark with which to evaluate whether professionals seeking court-approved retention . . . meet the adversity requirements embodied in the Bankruptcy Code."  3 Collier on Bankruptcy ¶ 327.04[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.), citing *In re Vebeliunas*, 231 B.R. 181, 189 (Bankr. S.D.N.Y. 1999) (internal citations

omitted).  These requirements are met so long as the professional is able to "serve in the best interests of the estate while preserving the integrity of the bankruptcy process," and does not "represent an interest adverse to the estate."  *See id.* at ¶ 327.04[2][a][i] - [2][b].

### IV.
### Scope of Employment, Compensation, and Husch Blackwell's Disinterestedness

7.      The Debtor seeks to employ Husch Blackwell under the terms and conditions set forth in the Engagement Letter between the Debtor and Husch Blackwell.  The Engagement Letter is attached as *Exhibit A*.  Husch Blackwell will assist the Debtor in the preparation and prosecution of its Chapter 11 reorganization bankruptcy.

8.      The proposed arrangement for Husch Blackwell's fees and expenses is disclosed in the Engagement Letter.  Husch Blackwell's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtor's bankruptcy estate.  Upon approval by this Court, the Debtor's bankruptcy estate will be liable for all fees and expenses incurred by Husch Blackwell for services rendered under the Engagement Letter.  Husch Blackwell received a retainer of $50,000.00 for services to be performed in connection with this case.  On the Petition Date, Husch Blackwell offset approximately $7,276.50 in fees and $1,213.00 in expenses against the retainer, which amount represented the fees and expenses incurred pre-petition, including the Chapter 11 bankruptcy filing fee of $1,213.00.  The remaining retainer is in the amount of $41,510.50.

9.      As the bankruptcy case progresses, the Debtor will cause its bankruptcy estate to make monthly deposits into Husch Blackwell's IOLTA account in an amount equal to the fees and expenses incurred by Husch Blackwell in the previous month, pending the filing and this Court's approval of the appropriate fee applications.  Husch Blackwell may not draw down on its retainer until such time as the Court so orders.

10.    Lynn Hamilton Butler's hourly rate is $472.50.  The rates of other attorneys in Husch Blackwell range from $235.00 to $625.00 an hour for partners of the firm and $190.00 to $375.00 for associates.  The firm also employs legal assistants and other professionals in a variety of specialties, and their rates range from $85.00 to $630.00.  Husch Blackwell has not shared or agreed to share compensation with any entity.

11.    To the best of its knowledge, Husch Blackwell's attorneys have no interest adverse to the Debtor or to its bankruptcy estate, other than providing pre-petition bankruptcy-related professional services.  Husch Blackwell has no connections with the Debtor, the Debtor's creditors, any party-in-interest, the creditors' or parties-in-interest's respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States trustee except as disclosed in the *Affidavit of Lynn Hamilton Butler* attached as *Exhibit B*.

## V.
## Employment is in the Best Interest of the Debtor's Bankruptcy Estate

12.    Husch Blackwell's knowledge and experience in bankruptcy cases, including healthcare bankruptcies, will be invaluable to the Debtor's bankruptcy estate.  Husch Blackwell and Lynn Hamilton Butler have years of experience representing debtors-in-possession in Chapter 11 cases.  The Applicant is well suited to represent the Debtor in this case.  Thus, employment of Husch Blackwell will be in the Debtor's best interest.

13.    Pursuant to Local Rule 2014(b)(1)(C), the Debtor discloses that the Debtor anticipates seeking the employment of Halloran & Sage in Connecticut to continue the representation of the Debtor in the Garnet litigation.  The Debtor further anticipates seeking the employment of legal malpractice plaintiff counsel at the appropriate time to investigate the Debtor's claims of legal malpractice against its prior litigation counsel.

9

14.     Pursuant to Local Rule 2014(c), this Application is deemed filed contemporaneously with the filing of the bankruptcy case on January 14, 2014.

WHEREFORE, the Debtor requests this Court enter an order allowing the employment of Lynn Hamilton Butler and Husch Blackwell, LLP as its bankruptcy counsel, under the terms detailed in this Amended Application to Employ and the Engagement Letter.  Additionally, the Debtor requests this Court grant further relief to which it is entitled.

Respectfully submitted,

Diversified Solutions, Inc.


By: */s/ Michael Lundy*
    Michael Lundy, Officer

AND

HUSCH BLACKWELL, L.L.P.
111 Congress Ave., Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 226-7318 (Fax)
lynn.butler@huschblackwell


By: */s/ Lynn Hamilton Butler*
    Lynn Hamilton Butler
    State Bar No. 03527350

PROPOSED ATTORNEYS FOR
DIVERSIFIED SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the February 11, 2014, a true and correct copy of this Amended Application to Employ was served, via the Court's CM/ECF notification system to the parties registered to receive such notice and via first class mail to the parties on the attached mailing matrix.

*/s/ Lynn Hamilton Butler*
Lynn Hamilton Butler

AUS-5910604-1 519891/1

Label Matrix for local noticing
0542-1
Case 14-10069-tmd
Western District of Texas
Austin
Tue Feb 11 15:11:35 CST 2014

Diversified Solutions, Inc.
8101 Avella Drive
Austin, TX 78729-4939

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

Adam S. Mocciolo
Pullman & Comley
850 Main Street
Bridgeport, CT 06604-4988

Alison Marie Perry
Pullman & Comley
840 Main Street
Bridgeport, CT 06604

Amber Giles
5102 Doss Road
Austin, TX 78734-1209

American Express
Attn: Bankruptcy Division
P.O. Box 360002
Fort Lauderdale, FL 33336-0002

Anthem Blue Cross
P.O. Box 9051
Oxnard, CA 93031-9051

Audimation Services, Inc.
1250 Wood Branch Park Dr., Suite 480
Houston, TX 77079-1212

Brian J. Sol
P.O. Box 2472
Stateline, NV 89449-2472

CH Services, Inc.
11011 Domain Drive
Austin, TX 78758-7764

Christopher P. McCormack
Pullman & Comley
840 Main Street
Bridgeport, CT 06604

Cody Hobza
13008 Hymeadow Circle
Austin, TX 78729-1758

Dan Hernandez
2635 W. 45th
Austin, TX 78731-5941

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Diamond Aviation Services
3205 Paseo Vista
San Martin, CA 95046-9700

Earthnet, Inc.
4735 Walnut St., Suite F
Boulder, CO 80301-2553

Elizabeth Viveros
1175 Prussian Way
Oceanside, CA 92057-1840

Employment Development Department
State of California
Bankruptcy Unit - MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

FedEx
Attn: Bankruptcy Div.
P.O. Box 7221
Pasadena, CA 91109-7321

Franchise Tax Board
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Garnet Analytics, Inc.
324 Elm Street, Suite 103B
Monroe, CT 06468-2283

Garnet Analytics, Inc.
c/o Hugh M. Ray, III
McKool Smith PC
600 Travis Suite 7000
Houston, TX 77002-3018

Halloran & Sage LLP
Attn: Joseph J. Arcata, III, Esq.
One Goodwin Square
225 Asylum St.
Hartford, CT 06103-1516

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kondler & Associates
6460 Medical Center St., Suite 230
Las Vegas, NV 89148-2421

Larry Conklin
1175 Prussian Way
Oceanside, CA 92057-1840

Lubich & Lubich
16375 Monterey Road, Suite N
Morgan Hill, CA 95037-5442

Lynn H. Butler
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701-4093

Manaya Management, Inc.
P.O. Box 2472
Stateline, NV 89449-2472

Mark Astleford
15450 FM 1325 - Apt. # 1536
Austin, TX 78728-2838

Michael Lundy
8101 Avella Drive
Austin, TX 78729-4939

Moco Tax
3080 Bristol Street, Suite 110
Costa Mesa, CA 92626-3055


PM3 Consulting, Inc.
3220 Feathergrass Ct., 9106
Austin, TX 78758-7778

Patricia Menz
2207 Pasadena Dr., #9
Austin, TX 78757-2214

Premiere Global Services
P.O. Box 404351
Atlanta, GA 30384-4351


Secretary of State
State of California
1500 11th Street
Sacramento, CA 95814-5701

Secrtary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220-0001

Sourcive, Inc.
4255 Garlan Lane
Reno, NV 89509-5444


(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

Texas Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528


Texas Workforce Commission
Tax-Collections
101 E. 15th Street
Austin, TX 78778-0001

Tristan Scott Cowperthwait
Pullman & Comley
840 Main Street
Bridgeport, CT 06604

U.S. Attorney General
Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0009


(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

U.S. Department of the Treasury
Attn: Bankruptcy Dept.
Ogden, UT 84201-0001

Unified Services
2635 W. 45th
Austin, TX 78731-5941


United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

Verizon
Attn: Bankruptcy Div
P.O. Box 920041
Dallas, TX 75392-0041

Verizon Wireless
Attn: Bankruptcy Div.
P.o. Box 660108
Dallas, TX 75266-0108


Wells Fargo Business Card
P.O. Box 54349
Los Angeles, CA 90054-0349

Williamson County Tax Assessor
904 South Main
Georgetown, TX 78626-5829


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Department of Treasury
Attn: Bankruptcy Div.
P.O. Box 105083
Atlanta, GA 30348

(d)Internal Revenue Service
Attn: Bankruptcy Division
P.O. Box 105078
Atlanta, GA 30348

(d)Internal Revenue Service
Attn: Bankruptcy Division
P.O. Box 105083
Atlanta, GA 30348

State Board of Equalization
State of California
Account & Analysis & Control Section
P.O. Box 942879
Sacramento, CA 94279

Texas Comptroller
c/o Susan Combs
P.O. Box 13528
Austin, TX 78711-3528

U.S. Bank
P.O. Box 790408
Saint Louis, MO 63179


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Brian J. Sol.
P.O. Box 2472
Stateline, NV 89449-2472

(d)Internal Revenue Service
PO BOX 7346
Philadelphia, PA  19101-7346

(d)Lynn H. Butler
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701-4093


End of Label Matrix
Mailable recipients     52
Bypassed recipients      3
Total                   55

# HUSCH BLACKWELL

Lynn Hamilton Butler
Partner

111 Congress Avenue, Suite 1400
Austin, TX  78701
Direct: 512-479-9758
Fax: 512.479.1101
Lynn.Butler@huschblackwell.com

January 13, 2014

Brian J. Sol
Vice President of Operations
Diversified Solutions, Inc.
8101 Avella Drive
Austin, TX 78729

Re:    Agreement For Legal Services For Chapter 11 Bankruptcy

Dear Mr. Sol:

Thank you for selecting Husch Blackwell LLP to provide legal services to Diversified Solutions, Inc.  This letter is to confirm our discussion about the engagement and to set forth the terms under which we will provide the requested services.

**Client and Scope of Representation**.  Our client for this engagement will be Diversified Solutions, Inc.  It is understood that, in the absence of written agreement to the contrary, our work in connection with this engagement shall not be considered to create an attorney-client relationship between us and any other persons or entities related to Diversified Solutions, Inc., including parents, subsidiaries, shareholders, partners, members, or other affiliates, and thus our sole client for this engagement shall be Diversified Solutions, Inc.  Specifically, we do not represent Brian Sol, Cody Hobza or Michael Lundy in their individual capacity.  We will not consider entities affiliated with Diversified Solutions, Inc. as our clients for the purpose of checking future conflicts of interest.

We are being retained to represent Diversified Solutions, Inc. as bankruptcy counsel in the preparation and prosecution of a Chapter 11 reorganization bankruptcy to be filed in the Western District of Texas.  In the event that we are asked to provide additional services, we will confirm such engagement in writing.  Absent specific modification, any additional services will be governed by the terms and conditions of this agreement.  As is required by the United States Bankruptcy Code, the firm's representation of Diversified Solutions, Inc. must be approved by the United States Bankruptcy Court.

**Conflicts**.  As we have discussed, Husch Blackwell LLP has offices in a number of cities, and we represent many clients on a regional or national basis.  It is possible that some of our present or future clients will have disputes with Diversified Solutions, Inc. during the time we are providing legal services.  Therefore, as a condition to our undertaking this engagement, you

EXHIBIT A

# HUSCH BLACKWELL

have agreed that our firm may continue to represent or undertake in the future to represent existing or new clients whose interests are adverse to yours in matters only as to matters not substantially related to any matter involving Diversified Solutions, Inc. or its bankruptcy, including litigation matters, that are not substantially related to the matters as to which we are representing you. Our ability to represent any other party will be governed by the dictates of the United States Bankruptcy Code. You have agreed that the validity and enforceability of this unrelated matter conflict waiver is an essential condition to the firm's willingness to accept this engagement, and the firm would not have accepted the engagement but for this waiver. Accordingly, you agree that, if the validity or enforceability of this waiver is ever challenged or revoked, we may, at our discretion, withdraw from representing you and continue to represent our other clients even in matters adverse to Diversified Solutions, Inc. We agree, however, that your prospective consent to conflicting representation shall not apply in any matter substantially related to a matter in which we have provided legal services to Diversified Solutions, Inc.

**Fees and Expenses**. Our fees are based on the amount of time we devote to a project. Any estimates of fees that we may give from time to time are based on judgment of the circumstances at a given time, and actual fees may be more or less than the estimated amount. Any estimate of fees or costs we provide thus may not be considered as a minimum, maximum, or fixed fee quotation.

I will be the responsible attorney for this engagement but other attorneys and legal assistants may assist with the engagement. We ask that you agree that we may use such personnel as is appropriate in our professional judgment. Our hourly rates for attorneys range from $235 to $625 for partners of the firm and $190 to $375 for associates. My personal hourly rate is $472.50 an hour. The Firm also employs legal assistants and other professionals in a variety of specialties, and their rates range from $85 to $630. Our hourly rates are reviewed and adjusted periodically. Adjusted rates will be applicable to any work done after the effective date of the adjustment, after the receipt of Bankruptcy Court approval.

In litigation and other matters involving computerized documents or voluminous evidentiary material, the firm may also use the services of its Practice Support Group to meet the demands of electronic discovery and document management using the latest technological tools. The services provided by the firm's Practice Support Group require technical expertise, and include the development, evidentiary matters, coordination of the production of documents from electronic databases, and the preparation and presentation of electronic evidentiary materials at trial. The hourly rates for these individuals range from $120-$260. Additionally, it is the firm's policy to bill for providing responses to audit letter requests. Should this type of work materialize, we charge a flat rate of $250 - $2,000 based on the complexity of the request and the resources required to respond to the request. However, we will consult with you prior to any use of such services to obtain your approval.

We will bill on a monthly basis for our professional fees and for reimbursement of expenses incurred in connection with this engagement. A schedule of our charges for various services and incidental items is attached and will be applicable to our engagement with you, subject to agreed-upon restrictions. We will generally not pay the fees and expenses of other

EXHIBIT A

**HUSCH BLACKWELL**

service providers, such as consultants, local counsel, deposition reporters, experts, and the like, but will forward those bills directly to you for payment.

Our fees and expenses for the representation of Diversified Solutions, Inc. will be subject to the approval of the Bankruptcy Court. We will submit applications for the approval of our incurred fees and expenses every 120 days, unless the Bankruptcy Court allows us to submit applications under other conditions. Payment shall be due upon receipt of Bankruptcy Court's order approving the fee application. Prior to the filing of any fee applications, we will provide you with draft fee statements each month. If we do not receive comment about the statement within thirty days of the date it is mailed, we will assume you have reviewed the statement and find it acceptable.

Payment of the court-approved fee applications will be withdrawn from the deposit retainer you are providing the firm. Statements not paid within sixty days of mailing will be subject to a late charge of 1% per month on the unpaid balance, commencing from the date of the order approving the fee application and continuing until paid. If a statement remains unpaid for more than ninety days, we may, consistent with our ethical obligations and judicial requirements, cease performing services for you until arrangements satisfactory to us have been made for payment of arrearages and future fees. You agree that, in such an event, we have the right to withdraw as your attorneys from any matter or proceeding in which we may be engaged.

**Deposit**. It is our standard practice to require an advance deposit retainer from a new client and for each new significant matter. In connection with this engagement, we have requested a deposit of $50,000.00 to be paid prior to the filing of any bankruptcy and to be kept in a trust account. To the extent that the accrued fees and expenses in any given month exceed the deposit retainer amount, you agree to deposit additional funds into our firm's trust account equal to amount of any such overage. During the engagement, you may, at your option, pay into the trust account the full amount listed on our monthly invoices on a current basis, and the deposit shall be applied to the outstanding balance upon the conclusion of our representation or, at our option, to satisfy delinquent monthly statements. We reserve the right to request further reasonable deposits if the payments are used to satisfy prior invoices. Any unused portion of the deposit will be refunded at the conclusion of the representation.

**Communications**. We understand that we are to report to and take direction from Brian Sol and Michael Lundy for this engagement. If you should prefer that we report to some other person, please let us know. We understand that you have approved the use of internet e-mail for communications concerning this matter. Our state ethics rules suggest that we remind you that the internet does not provide a totally secure method of communication, and e-mail may be copied and held by any computer through which it passes. Persons not participating in the communication may intercept e-mails, and e-mails stored on computers may be accessed by unauthorized parties. If you would prefer that we not communicate with you via e-mail, please advise me immediately.

**Document Retention**. Some materials related to our representation of you (e.g. administrative records, time and expense reports, personnel materials, and credit and accounting

EXHIBIT A

**HUSCH BLACKWELL**

records) belong to us and will be handled in accordance with our document retention policy. Other materials (i.e. documents provided to us by you and the final version of documents that you retain us to create) are considered client files and belong to you. We will retain your client file for ten years or such longer period as required by statute or our firm's document retention policy. At your request, we will return your file to you or any other person designated by you. If, at your request, we retain your client files beyond their normal period of retention, such long-term storage will be at your cost. If you have not requested that we return your file or made arrangements for long-term storage, we may destroy or otherwise dispose of your client files after the retention period.

**Conclusion of Representation.** Our relationship with you will be concluded when we have completed our agreed-upon services and have received an order of the Bankruptcy Court approving our final fee application. In addition, and without limiting the preceding sentence, in the event we have performed no work for you on your behalf for six consecutive months, you agree that our attorney–client relationship with you will be terminated.

It is understood that the terms of this letter and its enclosures constitute the terms under which we will undertake this representation. If you find the proposed engagement terms acceptable, please execute and return a copy of this letter for our file. If you do not agree to any of the terms of this letter and its enclosures, please call me as soon as possible within the next ten days to discuss. If I do not hear from you, it is understood that these are the terms of our representation.

Thank you again for selecting us for this engagement. We look forward to working with you.

Very truly yours,

HUSCH BLACKWELL LLP

By: _____
     Lynn Hamilton Butler, Partner

LHB:cd

EXHIBIT A

# HUSCH BLACKWELL

AGREED:

**DIVERSIFIED SOLUTIONS, INC.**

By: _Brian J. Sol_

Name: _Brian J. Sol_

Title: _V.P. of Operations_

Dated: _1 / 14 / 14_

EXHIBIT A

# HUSCH BLACKWELL

## <u>SCHEDULE OF CHARGES FOR INCIDENTAL SERVICES</u>
### Effective 12/1/2013

This schedule identifies charges that will be added to our invoices for incidental services we provide and costs we incur in connection with our legal services.  If we have reached a separate written agreement with you concerning any of these charges, the terms of that separate agreement will prevail over any conflicting provisions of this schedule.

**Document Processing Services**

| | |
|---|---|
| Paper (Black and White) | $0.15 per page |
| Paper (Color) | $0.25 per page |
| | No charges for paper documents under 20 pages |

**Computer Legal Research Costs**

Online research may be charged at up to 95% of the vendor's transactional/retail rates, when applicable

**Postage, Couriers and Delivery Services**

Large mailings, certified or express delivery services are billed to client at actual costs

**Internal Messengers Services**

In-House Messengers charges are billed at $60 per hour, in 6 minute increments

**Video Conferencing**

| | |
|---|---|
| Husch Blackwell initiated; 2 locations | $100 per hour/per location: prorated based on actual minutes used |
| Husch Blackwell initiated; each additional location | $100 per hour/per location: prorated based on actual minutes used |
| Non Husch Blackwell initiated; each additional location | No Charge |

AUS-5643122-2 519121/1

EXHIBIT A

# HUSCH BLACKWELL

## SCHEDULE OF CHARGES FOR PRACTICE SUPPORT SERVICES
### Effective 1/13/2013

This schedule identifies charges that will be added to our invoices for services we provide for practice support and costs we incur in connection with those services.  If we have reached a separate written agreement with you concerning any of these charges, the terms of that separate agreement will prevail over any conflicting provisions of this schedule. Occasionally we may outsource these services based on time deadlines and resources available. The actual vendor cost for outsourced services will be passed directly to you with no cost increase or markup.

**Scanning**
Black & White, Letter & Legal Paper
| | |
|---|---|
| Light Handling | $0.06 per page |
| Medium Handling | $0.09 per page |
| Extensive Handling | $0.13 per page |
| Color | $0.20 per page |

| | |
|---|---|
| **Objective Coding** | $0.05 per field |
| **Printing from Summation, Concordance  or Relativity** | |
| Black and White, Letter & Legal Paper | $0.06 per page |
| Color | $0.25 per page |
| **OCR Processing** | $0.02 per page |
| **Electronic Bates Numbering** | $0.02 per page |
| **Format Conversion (Example: TIFF to PDF)** | $0.02 per page |
| **Electronic Discovery Data – NUIX Early Case Assessment** | $45.00 per compressed gigabyte - minimum fee $200.00 (prorated) |
| **Electronic Discovery Data Processing** | $175.00 per hour (prorated) |
| **Electronic Document Production** | $0.05 per page |
| **Loading and update to Summation or Concordance** | $85.00 per data load |
| **Loading and update to Relativity** | $175.00 per data load |
| **Media Services** | |
| CD Creation/Duplication | $10.00 per CD |
| DVD Creation/Duplication | $20.00 per DVD |
| Synchronizing of Text to Video | $25.00 per Video Hour (prorated) |
| **Offsite presentation and hardware equipment rental** | Please see cost detail for complete list |
| **Hosting of internal databases** | No Charge |
| **Relativity outside user access** | $75.00 Per User Per Month |
| **Paper and electronic file storage during engagement** | No Charge |
| **Paper file storage following conclusion of engagement** | $0.17 per bankers box per month |
| **Electronic file storage following conclusion of engagement** | $50.00 per gigabyte per year (prorated) |
| **Audit Letters** | $250.00 - $2,000.00 |

AUS-5643122-2 519121/1

EXHIBIT A

Billing Guidelines: Page 1
November 2013

## Diversified Solutions, Incorporated (DSI) Legal Billing Guidelines

These Billing Guidelines apply to all charges for legal services rendered on and after October 1, 2013 by any law firm engaged by DSI ("Outside Counsel"), and supplement the terms of existing engagement letters. Any deviation from these Billing Guidelines requires prior written approval from DSI management ("DSI Management").

DSI encourages Outside Counsel to propose alternative fee arrangements (i.e., incentive-based, flat-fee, or other proposals). The expense rules set forth below apply to both hourly billing and alternative fee arrangements, unless expressly varied in a written agreement.

A. *Rules Regarding Charges for Services*

1. Upon commencement of a particular legal matter, Outside Counsel must identify the legal and paralegal staff Outside Counsel proposes for the matter, including their billing rates, which shall be consistent with competitive market conditions for similarly qualified firms in the geographic area. If Outside Counsel proposes an enhanced fee for specialized expertise, Outside Counsel must disclose it at the beginning of the engagement. Billing rates may not be changed over the life of the matter absent express approval from DSI Management, which shall be granted only in exceptional circumstances. No additions or substitutions shall be made to the proposed staff without the prior consent of DSI Management.

2. DSI will not pay attorney billing rates for work that reasonably should be performed by a paralegal or other non-attorney resource. DSI will also not pay attorney or paralegal billing rates for secretarial or clerical functions (e.g., downloading documents, proofreading, routine scheduling functions), regardless of who performs them.

3. DSI will not pay for work performed by partners where the work could properly be performed by associates, nor will DSI pay for "layering" (junior associate work reviewed and revised by a senior associate and then reviewed and revised by a partner). In all instances Outside Counsel is expected to manage a case so that work is performed at the lowest, most efficient level.

4. DSI will not pay for associate or paralegal training or for any timekeeper "getting up to speed" in connection with an intra-firm transfer of a file due to staff turnover or changes, or similar transitions or staff additions.

5. DSI will not pay for time billed by summer associates nor, absent DSI management authorization, for work performed by first-year associates.

6. Outside Counsel will use its best efforts to minimize internal meetings and conferences for which DSI is billed and shall avoid meetings that could be handled in a more cost-efficient way. Outside Counsel should also minimize intra-office memoranda, which are disfavored.

7. Outside Counsel must consult with DSI Management in advance to discuss appropriate staffing for outside meetings and appearances such as court

EXHIBIT A

appearances, hearings, depositions, meetings with opposing counsel, or similar events. Without prior approval of DSI Management, DSI will not pay for more than one timekeeper to attend any such event.

8.  DSI will not pay charges for any Outside Counsel administrative personnel (including, but not limited to, library, marketing, IT and financial staff).

9.  Outside Counsel may not bill DSI for time spent recording time, preparing bills, or reviewing bills.

10. DSI will not pay for time in connection with Outside Counsel's conflict checking or clearance/waivers.

11. DSI will pay only for the actual costs of court reporting and one copy (electronic and hard) of transcripts. DSI will not pay for "roughs" or expedited delivery without prior approval of DSI Management. When so directed by DSI Management, Outside Counsel must use designated court reporting services to obtain competitive rates. Absent such direction, Outside Counsel must obtain the lowest possible cost for such services.

12. Outside Counsel must bill time in increments of 0.1 hours (i.e., tenths of an hour). DSI will not allow billing increments of greater than 0.1 hours (i.e., Outside Counsel may not adopt a minimum billing increment of, as an example, 0.2 hours, notwithstanding any policies Outside Counsel may have for other clients; instances of minimum increments higher than 0.1 hours will be reduced to 0.1 hours).

13. DSI will not pay for more than 10 hours of one timekeeper's time in one day without prior approval of DSI Management.

14. Bills must be itemized, including the date, timekeeper involved, time charged per task (task billing) and a detailed description of services performed. Block billing entries will be reduced or not paid. Vague entries are unacceptable. Descriptions must be specific, or the time entries will be reduced or rejected. Examples of unacceptable vague entries are:

  • Attention to matter
  • File maintenance
  • Review or prepare correspondence or memorandum (must identify recipients and/or Subjects)
  • Review file
  • Research (must identify topic)
  • Travel
  • Conference or telephone call (must identify other participants and subject)

15. Outside Counsel shall not engage or direct third parties to perform services for DSI unless and until the DSI Management approves such third parties and the specific

services they will perform, without regard to whether the third party is retained by
Outside Counsel or by DSI. Examples include but are not limited to expert

witnesses, document management firms, electronic discovery vendors, document
review vendors, consulting experts, trial directors, and the like. Outside Counsel and
the DSI Management are expected to team in their management of these third
parties, subject in all instances to the DSI Management's approval of all aspects of
the engagement, including but not limited to the scope of work to be performed by
such third parties and the particular tasks to be performed by them. DSI will not pay
for unauthorized third-party services.

16. DSI will not pay for research memoranda or legal memoranda without prior approval
from DSI Management. In addition, formal memoranda are generally discouraged, as
they are frequently an inefficient use of time and resources, and the transmission of
information contained in them can often be dealt with more effectively in other ways.
Outside Counsel and DSI Management must confer before preparation of
communications transmitting conclusions, advice or research details, and Outside
Counsel must be prepared to convey such information orally or in summary emails.

17. Any written work product created on DSI's behalf, whether research memoranda,
case analyses, witness interviews, damages summaries, or the like, must be provided
to DSI Management.

18. Time or expenses for general purposes, such as training, professional reading, or
activities to enhance morale, may not be charged to DSI.

B. *Rules Regarding Costs and Disbursements*

DSI does not pay for those costs, expenses, and disbursements listed below.

Non-allowed costs and disbursements include:

1. Charges for copying or printing costs, except for specific pre-approved instances where
copying or printing volumes are expected to be significant (such as extensive document
production or appellate practice requiring multiple copies of voluminous pleadings and
other papers). Where such approval has been obtained, copies are to be billed at not
more than 6¢ per page. Where copying or printing is provided by an outside vendor
authorized by DSI Management, the charges to DSI may not exceed actual cost as billed
by the vendor.

2. Charges for electronic research services such as Lexis and Westlaw. In instances where
volumes are expected to be extraordinary and Outside Counsel incurs expenses in
addition to Outside Counsel's normal subscription costs, DSI Management may approve
electronic research charges in advance, limited to the actual cost of the electronic
research, passed through with no uplift.

3. Charges that are or are similar to overhead expenses. Examples of such expenses are:

Billing Guidelines: Page 4
November 2013

- Word processing
- Non-travel meals of firm
- Local or long distance telephone, Internet and facsimile charges
- Books, subscriptions, seminars, training
- Membership fees
- Office supplies
- Storage charges
- Conference room charges, unless authorized by DSI Management
- Routine delivery of documents
- Costs for support staff (or work traditionally done by same)
- Secretarial and paralegal overtime charges (or charges for work performed outside regular business hours, such as night staff charges, absent DSI Management authorization)
- Messenger services
- Disaster recovery services
- Document scanning, unless authorized by DSI Management
- General overhead charges
- Court or bar admission fees (an exception may be made, upon authorization, for pro hac vice fees specific to a DSI case)

4. Postage charges, except for extraordinary volume mailings approved in advance. Overnight mail or express services will be reimbursed when such use is reasonable; absent a critical deadline where express services are necessary, Outside Counsel must send documents for two-day delivery. Electronic transmission of documents is preferred whenever possible.

5. Charges for travel time and expenses:

   a. Local travel and commuting travel (including after-hours and weekend commuting travel) are not reimbursable. Mileage charges will not be reimbursed, except for out-of-town travel for work on a DSI matter (such as driving to a court). All out-of-town air travel must be pre-approved by DSI Management. DSI will reimburse only for actual cost of travel at coach rates. DSI encourages that air travel be reserved sufficiently in advance to take advantage of the most economical fares.

   b. Lodging and meals for authorized travel shall in all instances be reasonable and shall be separately listed in the bills with receipt copies provided. DSI reserves the right to reduce or reject any expenses that are excessive (e.g., more than $200 per night in a hotel, more than $25 per meal).

   c. DSI will not pay for travel time (air or car) other than that time actually spent working on a matter (e.g., if Outside Counsel drafts discovery responses while on a flight, the time may be billed, but travel time where no work is performed may not be billed).

   d. Note that video (including Telepresence) or conference calls must be used in lieu of travel wherever possible.

C. *Rules Regarding Billing Procedures*

Billing Guidelines: Page 5
November 2013

1. Prior to commencing work, Outside Counsel must provide DSI Management with a monthly budget of the total cost that Outside Counsel expects to bill DSI for the month. DSI will not pay any invoices for a matter until the budget has been approved by DSI Management. Prior to or within the first 5 days of each calendar month, a new budget for that month will be submitted to DSI Management by Outside Counsel. Charges in excess of the proposed budget amount must be preauthorized and will not be paid absent this preauthorization.

2. Invoices must be submitted to DSI Management by email within 30 days after the last day of the month in which applicable services were rendered.

Failure to provide these requested bills and estimates impacts DSI's ability to manage its legal budget, and DSI reserves the right to reject payment of bills for services not billed in accordance with this requirement.

3. Unless expressly agreed to the contrary, interest charges on Outside Counsel invoices will not be honored.

D. _Requirements for Format & Processing of Invoices_

1. Invoices must itemize each task invoiced, showing the date performed, specific nature of the task, identity of the person performing the task, the actual time in tenths (0.1) of an hour spent on the task, and the timekeeper rate.

E. _Non-waiver and Audit Rights_

Payment of any invoice by DSI, at any time, does not constitute a waiver by DSI of its right to subsequently dispute any invoice, whether previously paid or not. DSI retains the right to audit all bills, files and supporting documentation and to contact Outside Counsel personnel concerning any such audit. Outside Counsel is required to retain back-up documentation for fees and expenses for not less than two years after the conclusion of a matter.

Signed:

Diversified Solutions, Inc.

Brian J. Sol V.P. of Operations
Name/Title

Brian J. Sol
Signature
1/14/14
Date

Husch Blackwell, LLP

Lynn Butler
Name/Title

Signature
1/14/14
Date

EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 14-10069 |
| DIVERSIFIED SOLUTIONS, INC. | § | |
| | § | Chapter 11 |
| Debtor. | § | |

### AFFIDAVIT OF LYNN HAMILTON BUTLER
### IN SUPPORT OF DIVERSIFIED SOLUTIONS, INC.'S
### AMENDED APPLICATION TO EMPLOY BANKRUPTCY COUNSEL

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| TRAVIS COUNTY | § |

BEFORE ME, the undersigned authority, personally appeared Lynn Hamilton Butler, who, upon being duly sworn, stated the following:

1.      My name Lynn Hamilton Butler. I am over the age of twenty-one (21), am competent to make this Affidavit, and have never been convicted of a crime. I have personal knowledge of the facts as stated in this Affidavit. I am authorized to execute this Affidavit on behalf of the law firm of Husch Blackwell LLP.

2.      I submit this Affidavit on behalf of Husch Blackwell LLP in support of Diversified Solutions, Inc.'s *Amended Application To Employ Bankruptcy Counsel.* I am a partner at Husch Blackwell LLP, and I maintain an office at 111 Congress Avenue, Suite 1400, Austin, Texas 78701.

### Husch Blackwell LLP and I are Disinterested Persons

3.      Neither Husch Blackwell LLP nor I have had any connection with Diversified Solutions, Inc., its creditors, or any other party-in-interest in its bankruptcy case.

AUS-5913352-1 519891/1

EXHIBIT B

**<u>Serving as Bankruptcy Counsel to Diversified Solutions, Inc.</u>**

4.      Husch Blackwell LLP and I seek to serve as bankruptcy counsel to Diversified Solutions, Inc.  The scope of representation would be providing legal advice regarding strategic options, including the preparation and prosecution of a Chapter 11 reorganization bankruptcy.

**<u>Disclosure of Compensation</u>**

5.      The proposed arrangement for compensation is fully disclosed in the Engagement Letter attached as *Exhibit A* to Diversified Solutions, Inc.'s *Amended Application To Employ Bankruptcy Counsel*.  The customary fees and expenses incurred in connection with this limited scope representation are to be paid out of Diversified Solutions, Inc.'s bankruptcy estate, subject to the Western District of Texas' fee application procedures, the applicable U.S. Trustee Guideline, Section 327 of the Bankruptcy Code, and final approval from the Bankruptcy Court.  The hourly rates are as follows:

| | |
|---|---|
| Lynn Hamilton Butler | $472.50 |
| Other attorneys | $235.00 to $625.00 |
| Paralegals | $195.00 |

6.      Husch Blackwell LLP received a pre-petition retainer of $50,000.00, of which approximately $8,489.50 was drawn down for pre-petition bankruptcy fees and expenses.  Neither Husch Blackwell LLP nor I shared or agreed to share compensation with any other entity.

Lynn Hamilton Butler
Husch Blackwell LLP

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this 11th day of February, 2014.

Christine Deacon
Notary Public
My commission expires: 5 24 14

CHRISTINE DEACON
Notary Public, State of Texas
My Commission Expires
MAY 24, 2014

2

EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No. 14-10069** |
| **DIVERSIFIED SOLUTIONS, INC.** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**ORDER GRANTING DIVERSIFIED SOLUTIONS, INC.'S**
**AMENDED APPLICATION TO EMPLOY BANKRUPTCY COUNSEL**

Came on for consideration of Diversified Solutions, Inc.'s *Amended Application to Employ Bankruptcy Counsel*.  Having considered the application, the objections thereto, if any, and the argument of counsel, the Court will approve the application and permit the employment of Lynn Hamilton Butler and the law firm Husch Blackwell LLP.  It is therefore

ORDERED that Diversified Solution, Inc.'s *Amended Application to Employ Bankruptcy Counsel* should be, and hereby is, GRANTED.  It is further

ORDERED that Lynn Hamilton Butler and the law firm Husch Blackwell LLP be employed under the terms and conditions set forth in Diversified Solutions, Inc.'s *Amended Application To Employ*.  It is further

AUS-5913407-1 519891/1

ORDERED that Husch Blackwell LLP's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtor's bankruptcy estate. Upon approval by this Court, the Debtor's bankruptcy estate will be liable for all fees and expenses incurred by Husch Blackwell LLP for services rendered under the Engagement Letter attached as *Exhibit A* in the *Amended Application To Employ*. It is further

ORDERED that, as the bankruptcy case progresses, the Debtor will cause its bankruptcy estate to make monthly deposits into Husch Blackwell LLP's IOLTA account in an amount equal to the fees and expenses incurred by Husch Blackwell LLP in the previous month, pending the filing and this Court's approval of the appropriate fee applications. Husch Blackwell LLP may not draw down on its retainer until such time as the Court so orders.

ORDERED that, pursuant to Local Rule 2014(c), the employment of Husch Blackwell LLP is deemed approved as of January 14, 2014.

# # #

ORDER PREPARED BY:

Lynn Hamilton Butler
State Bar No. 03527350
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-9758
(512) 226-7318 (fax)

PROPOSED ATTORNEYS FOR
DIVERSIFIED SOLUTIONS, INC.

AUS-5913407-1 519891/1