IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DIVERSIFIED SOLUTIONS, INC.** | § | CASE NO. 14-10069 |
| Debtor | § | Chapter 11 |
| | § | |

**ORDER ON EXPEDITED MOTION OF GARNET ANALYTICS, INC.
IN SUPPORT OF DISCLOSURE ORDERS
ISSUED AT MARCH 6 STATUS CONFERENCE**

Upon consideration of the "Expedited Motion of Garnet Analytics, Inc., for Order in Support of Disclosure," it is hereby ORDERED:

1. Debtor shall respond fully to the "Preliminary Information Requests of Garnet Analytics, Inc." (Feb. 5, 2014), on file in this proceeding as part of Exhibit 3 to the "Notice of Filing Materials for Status Conference re: Information Disclosure by Debtor" (doc. 47, Mar. 5, 2014) ("2/5/14 Requests"), subject to the additional conditions set forth in this Order.

2. Except as otherwise expressly provided in this Order, Debtor's responses to the 2/5/14 Requests shall cover a period of ten years.

3. In responding to requests concerning production of DSI's tax returns, DSI shall respond by (a) producing complete copies of all tax returns for the preceding six years currently available to DSI, and (b) by submitting completed IRS Form 4506 request(s) for copies of tax

1

returns for the same years and producing all materials received in response to those requests to GAI. In addition, DSI shall provide GAI with copies of the requests when they are sent to the IRS.

  4. As between GAI and DSI, the Court adopts the following "Confidentiality Agreement" as proposed by DSI and accepted by GAI (with one modification) to govern disclosures in certain litigation between DSI and GAI in the United States District Court for the District of Connecticut.

    a. This Confidentiality Agreement shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, and testimony adduced at trial, matters in evidence and computerized records (collectively, the "CONFIDENTIAL MATERIAL") hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

    b. The CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

     i. the attorneys working on this action on behalf of any party;

     ii. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

     iii. any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations, to the extent

        necessary to further the interest of the parties in this litigation, including principals and staff of Kaskie Plude and Company, LLC;

    iv.    any person who is expressly retained or sought to be retained by any attorney described in paragraph b.i. as an expert or to otherwise assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    v.    any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the CONFIDENTIAL MATERIAL confidential; and

    vi.    the Court.

c.    Each individual who receives any CONFIDENTIAL MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, or compliance with, this Agreement. The party or attorney providing the CONFIDENTIAL MATERIAL to the recipient shall provide the recipient with a copy of this Agreement.

d.    The recipient of any CONFIDENTIAL MATERIAL that is provided under this Agreement shall maintain such CONFIDENTIAL MATERIAL in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such CONFIDENTIAL MATERIAL as is exercised by the recipient with respect to its own proprietary information.

McKool 973712v2

  e. To the extent the CONFIDENTIAL MATERIAL contains any personally identifying information such as a social-security number, a tax payer-identification number, the birth date of an individual, the name of an individual known to be a minor, or a financial account number, the recipient using the CONFIDENTIAL MATERIAL for the purposes described in paragraph 2 herein must made redactions and only include: i) the last four digits of the social security number and taxpayer-identification number; ii) the year of the individual's birth; the minor's initials; and the last four digits of the financial-account number.

  f. Except as specifically provided herein, the terms, conditions and limitations of this Agreement shall survive the termination of this action at the option of the party which supplied the CONFIDENTIAL MATERIAL.

 5. Having interposed no objections to the 2/5/14 Requests other than those addressed by the provisions of Paragraphs 3 and 4 of this Order, DSI shall fully respond to the 2/5/14 Requests as set forth above no later than March 21, 2014, and DSI shall sign and verify the responses under oath in accordance with Bankruptcy Rules 7026 and 7033, incorporating Fed. R. Civ. P. 26(g) and 33(b).

 6. Acknowledging that the parties have to date pursued voluntary efforts to agree upon disclosure by DSI through informal means, it is hereby ordered that any further proceedings concerning responses to the 2/5/14 Requests shall be governed by applicable rules concerning discovery, including without limitation the provisions of Fed. R. Civ. P. 37, as well as the inherent power of this Court to enforce its orders.

# # #

McKool 973712v2