**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DIVERSIFIED SOLUTIONS, INC.,** | § | **CASE NO. 14-10069-TMD** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**AGREED MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Diversified Solutions, Inc. ("Debtor") and Garnet Analytics, Inc. ("Garnet) (collectively referred to as the "Parties") file this Agreed Motion for Protective Order and would respectfully show the Court as follows:

1.      On January 14, 2014 ("Petition Date"), the Debtor filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code.

2.      During discovery, the parties have requested information that each believes to be confidential, trade secret and otherwise proprietary information ("Confidential Information").

3.      In order to preserve the confidential, trade secret or proprietary status of information requested from or disclosed to the other party or parties in this cause, the Parties request that the Court enter the Protective Order attached hereto as Exhibit A.

4.      The Parties have agreed to the entry of the proposed order.

For the reasons set forth above, the Parties pray that the Court grant this Agreed Motion For Protective Order and enter the proposed protective order.

Respectfully submitted,

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 226-7318 (fax)
lynn.butler@huschblackwell.com
sam.chang@huschblackwell.com

By:  */s/ Lynn Hamilton Butler*
      Lynn Hamilton Butler
      State Bar No. 03527350
      Sam Chang
      State Bar No. 24078333

ATTORNEYS FOR DIVERSIFIED SOLUTIONS, INC.

And

By:    */s/ Christopher P. McCormack*
      Christopher P. McCormack
      Pullman & Comley, LLC
      840 Main Street, P.O. Box 7006
      Bridgeport, CT 06601
      Tel:  203-330-2000
      Fax:  203-576-8888
      cmccormack@pullcom.com

ATTORNEYS FOR GARNET ANALYTICS, INC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DIVERSIFIED SOLUTIONS, INC.,** | § | **CASE NO. 14-10069-TMD** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**AGREED PROTECTIVE ORDER**

On this day, the Court considered the Agreed Motion For Protective Order filed by Diversified Solutions, Inc. and Garnet Analytics, Inc.  Having reviewed the Motion and the terms of the Agreed Protective Order, the Court finds that the entry of the Agreed Protective Order is in the best interests of the Debtor's estate.  Accordingly, the Court enters the following:

1.      Proceedings and Information Governed. This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as w ell as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2.      Designation and Maintenance of Documents and Information.

AUS-5952961-1 519891/3

A.      "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(7), or other information required by law or agreement to be kept confidential, including but not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

B.      Intentionally Omitted.

C.      "Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made, provided, however, that if such documents are already subject to another confidentiality order or agreement, then they shall be governed by and subject to such order or agreement according to its terms to the exclusion of this Protective Order. "Confidential Information" also does not include information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.      <u>Documents Produced in Discovery and Depositions</u>.

A.      Documents and things produced during the course of this litigation within the scope of paragraph 2(A) or 2(B) above, may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follow s:

CONFIDENTIAL INFORMATION<br>
SUBJECT TO PROTECTIVE ORDER

B.      Depositions

(i)      For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(ii)      If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information."

(iii)      During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

(iv)      Each party and the court reporter must attach a copy of any final and timely

AUS-5952961-1 519891/3

written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v)      If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information.

4.      Inadvertent Failure to Designate.

A.      The inadvertent failure to designate documents as "Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

B.      In the event a producing party late designates a document as "Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" designation.

5.      Challenges to Designations.

A party's designation of documents "Confidential Information" is not binding if the procedures below are followed:

A.      A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it w ill change the designation.

B.      If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer.  If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

C.      Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

6.      Disclosure and Use of Confidential Information.

A.      Subject to subparagraph 6(F) below, information designated as "Confidential Information" may only be used for purposes of this proceeding, including preparation, depositions, hearings, trial, and appeal. "Confidential Information" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other

purpose.

B.      Subject to paragraph 9 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:    (a) employees of the receiving party who assist in the conduct of this proceeding, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure;    (b)  outside counsel for the receiving party;  (c) supporting personnel employed by (b) including without limitation paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) experts or consultants; and  (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents ("Third Party Vendors"). Parties are to designate which employees will be entitled to review "Confidential Information" under paragraph 6(B)(a).

C.      Before disclosing "Confidential Information" to a receiving party's proposed expert, consultant or employee, the receiving party shall have such expert, consultant or employee sign a Confidentiality Agreement in the form attached as Exhibit A  Before disclosing "Confidential Information" to a receiving party's Third Party Vendor, the receiving party or its counsel shall have such Third Party Vendor sign a Confidentiality Agreement in the form attached as Exhibit B.

D.      Intentionally Omitted.

E.      "Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order if:  (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6);   (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section 6(E), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information.

Disclosure of material pursuant to this section 6(F) does not constitute a waiver of the confidential status of the material so disclosed.

F.      Notwithstanding the foregoing Paragraphs 6(A) through 6(E), certain issues in this proceeding involve Garnet Analytics, Inc., which is the plaintiff in an action styled Garnet Analytics, Inc. v. Diversified Solutions, Inc., No. 3:12-cv-00716 (WWE), pending in the United States District Court for the District of Connecticut ("Connecticut Litigation"). The parties to the Connecticut Litigation have exchanged disclosure of information pursuant to confidentiality terms negotiated between and among the parties to that case. Notwithstanding any other

provision of this Protective Order, and solely as between and among the parties to the Connecticut Litigation, any documents disclosed in this proceeding may be used in connection with the Connecticut Litigation, and any documents disclosed in the Connecticut Litigation may be used in this proceeding; provided, however, that insofar as the terms of this Protective Order may differ from the confidentiality terms negotiated in the Connecticut Litigation, the terms applicable to any document shall be those defined by the confidentiality terms applicable in the forum in which the document was first produced.

7.      Non-Party Information.

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

8.      Filing Documents With the Court.

Any party may submit Confidential Information to the court under seal by designating the document "sealed" in the CM /ECF system of the court or may deliver the document for filing by the Clerk's Office.  If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

CONFIDENTIAL INFORMATION [case caption]
This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.

9.      No Prejudice.

Producing or receiving "Confidential Information" or otherwise complying with the terms of this Protective Order, will not:  (a) operate as an admission by any party that any particular "Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery;  (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or  (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

10.     Conclusion of Litigation.

Within sixty (60) days after final judgment in this bankruptcy proceeding or in the Connecticut litigation, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement in either case, whichever is later, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information"

and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

11.    Other Proceedings.

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.    Remedies.

It is ORDERED that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

13.    Relief from Protective Order.

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

### 

AGREED TO IN FORM AND SUBSTANCE:

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 226-7318 (fax)
lynn.butler@huschblackwell.com
sam.chang@huschblackwell.com

By: */s/ Lynn Hamilton Butler*
        Lynn Hamilton Butler
        State Bar No. 03527350
        Sam Chang
        State Bar No. 24078333

AUS-5952961-1 519891/3

ATTORNEYS FOR DIVERSIFIED SOLUTIONS, INC.

And


By:     */s/ Christopher P. McCormack*
        Christopher P. McCormack
        Pullman & Comley, LLC
        840 Main Street, P.O. Box 7006
        Bridgeport, CT 06601
        Tel:  203-330-2000
        Fax:  203-576-8888
        cmccormack@pullcom.com

ATTORNEYS FOR GARNET ANALYTICS, INC.

AUS-5952961-1 519891/3

<u>Exhibit A</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DIVERSIFIED SOLUTIONS, INC.,** | § | **CASE NO. 14-10069-TMD** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

## <u>CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEE OF ANY PARTY</u>

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

1.     Information, including documents and things, designated as "Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.     I have been given a copy of and have read the Protective Order.

3.     I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4.     I agree not to use any "Confidential Information" disclosed to me pursuant to the Protective Order except for purposes of the above- captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

5.     I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

6.     I understand that I am to retain all documents or materials that are delivered into my custody and that are designated as or containing "Confidential Information" in a secure manner, and that all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" are to be returned to counsel who provided me with such documents and materials within the time defined by Section 10 of the Protective Order.

AUS-5952961-1 519891/3

Signed at _____, _____, this _____, day of _____, 20__.


Signature                                    _____

Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DIVERSIFIED SOLUTIONS, INC.,** | § | **CASE NO. 14-10069-TMD** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

1.      Information, including documents and things, designated as "Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.      I have been given a copy of and have read the Protective Order.

3.      I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4.      I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signed at _____, _____, this _____, day of _____, 20__.

_____
Signature

AUS-5952961-1 519891/3