**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DIVERSIFIED SOLUTIONS, INC.,** | § | **CASE NO. 14-10069-TMD** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |
| | § | |
| **DIVERSIFIED SOLUTIONS, INC.,** | § | |
| | § | |
| **PLAINTIFF,** | § | **ADVERSARY NO. __-____** |
| | § | |
| **v.** | § | |
| | § | |
| **GARNET ANALYTICS, INC.,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**DIVERSIFIED SOLUTIONS, INC.'S ORIGINAL COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, AND/OR EXTENT OF GARNET ANALYTICS, INC.'S ALLEGED INTEREST IN CERTAIN PRE-PETITION FUNDS**

Diversified Solutions, Inc. (the "Debtor") submits its *Original Complaint* seeking a determination and declaration regarding the validity, priority, and/or extent of Garnet Analytics, Inc.'s (Garnet Analytics) alleged interest in certain funds that were attached prior to the Debtor's bankruptcy petition, and that are the subject of a Connecticut state court prejudgment remedy action. This *Original Complaint* is submitted under Bankruptcy Rule 7001(2) and (9), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). In support of its *Original Complaint*, the Debtor states the following:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334, and the *Order of Reference* entered by the United States District Court for the Western District of Texas on October 4, 2013. Venue is proper under 28 U.S.C. § 1409. This adversary proceeding is a

core proceeding under 28 U.S.C. § 157(b)(2)(A) and/or (O).

## II.  PARTIES

2.      The Plaintiff, the Debtor, is a California corporation.

3.      The Defendant, Garnet Analytics, is a Connecticut corporation.  It may be served via its registered agent, Denise Plude, at 324 Elm Street, Suite 103B, Monroe, Connecticut 06468, with a courtesy copy to Christopher McCormack and Irve Goldman, Pullman & Comley, LLC, P.O. Box 7006, Bridgeport, Connecticut 06601-7006, and Hugh M. Ray III, McKool Smith P.C., 600 Travis, Suite 7000, Houston, Texas 77002.

## III.  RELEVANT FACTS

4.      The Debtor is in the business of providing assistance to businesses with respect to telephone excise tax refund applications.  As part of its business model, the Debtor outsources certain analytic functions to outside vendors.  One of these vendors was Kaskie Plude and Company ("Kaskie Plude").  From 2009 to 2011, Kaskie Plude provided the Debtor certain services in support of telephone excise tax refund applications for the Debtor's clients.

5.      Some time in 2012, Garnet Analytics, which was formed by one of Kaskie Plude's principals, began performing the services that Kaskie Plude was supposed to provide the Debtor.  Eventually, the business relationship between Kaskie Plude/Garnet Analytics and the Debtor deteriorated.  On April 3, 2013, the Debtor requested that Garnet Analytics cease work on all current projects.

6.      On May 14, 2012, Garnet Analytics brought suit against the Debtor and Michael Lundy and Brian Sol, the Debtor's officers, in the U.S. District Court for the District of Connecticut (the "Connecticut federal court litigation").[1]  Garnet Analytics asserted breach of

---

[1]      The Connecticut federal court litigation is styled *Garnet Analytics, Inc. v. Diversified Solutions, Inc.*, Case No. 3:12-CV-00716-WWE.

AUS-5955368-1 519891/1

fraud, breach of the covenant of good faith and fair dealing, promissory estoppel, quantum meruit, negligent misrepresentation, and fraud claims against the Debtor.  With respect to Michael Lundy and Brian Sol, Garnet Analytics asserted a fraud claim.

7.     On July 2, 2012, Garnet Analytics filed in the Connecticut federal court litigation an *Application for Prejudgment Remedy*, attached as *Exhibit A*.  The *Application for Prejudgment Remedy* was filed pursuant to Connecticut's prejudgment remedy statute, CONN. GEN. STAT. § 52-278a, *et seq*.  Garnet Analytics requested that the Connecticut federal court enter an order granting the prejudgment remedy of attachment of the Debtor's assets located in Connecticut.

8.     On March 14, 2013, the magistrate judge assigned to Connecticut federal court litigation entered his *Ruling on Plaintiff's Application for Prejudgment Remedy*, attached as *Exhibit B*.  The magistrate judge found "probable cause" that Garnet would be entitled to a judgment against the Debtor in the amount of approximately $1.6 million.

9.     As a result of this ruling, Garnet Analytics obtained writs of attachment and served such writs to officers of U.S. Bank that were located in Connecticut.  Approximately $1.6 million of the Debtor's funds at U.S. Bank have been attached (the "Attached Funds").

10.    The Debtor disputes the validity of the magistrate judge's ruling, and it asserts that there was insufficient probable cause, the standard necessary under Connecticut's prejudgment remedy statute, to support this ruling.  The Debtor asserts this adverse ruling was the result of the negligence of its counsel in the Connecticut federal court litigation.  The Debtor intends to prosecute any malpractice claim it may have against its counsel in the Connecticut federal court litigation.

AUS-5955368-1 519891/1

### IV.  CAUSE OF ACTION:  DETERMINATION OF THE VALIDITY, PRIORITY, OR EXTENT OF INTEREST IN THE ATTACHED FUNDS

11.     Paragraphs 1 through 10 are incorporated herein as if set forth in full.

12.     Bankruptcy Rule 7001(2) states that an adversary proceeding may be instated to "determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d) . . . ."  FED. R. BANKR. P. 7001(2).

13.     This determination may be made through a declaratory judgment, either under the Bankruptcy Rules or the Federal Declaratory  Judgment Act.  *See* FED. R. BANKR. P. 7001(9); 28 U.S.C. § 2201(a) (stating:  "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .").

14.     The Debtor requests this Court determine and declare, pursuant to Bankruptcy Rule 7001(2) and (9) and/or the Federal Declaratory Judgment Act, the validity, priority, and/or extent of Garnet Analytics' interest in the Attached Funds.  The case law is unclear on:  (i) whether and to what extent the Attached Funds are subject to a secured-type claim, or are more akin to frozen funds; (ii) whether the Debtor can exercise avoidance powers pursuant to 11 U.S.C. § 544 with respect to the Attached Funds; and (iii) whether the unliquidated and inchoate nature of Garnet Analytics' interest in the Attached Funds affects the Debtor's ability to freely use these funds now that it has filed for bankruptcy.

WHEREFORE, the Debtor requests the following judgment:

(1)  A determination and declaration regarding the validity, priority, and/or extent of Garnet Analytics' interest in the Attached Funds; and

(2)  Such other and further relief as the Court may deem just and proper.

AUS-5955368-1 519891/1

Date:  March 28, 2014

Respectfully submitted,

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 226-7318 (fax)
lynn.butler@huschblackwell.com
sam.chang@huschblackwell.com


By:  */s/ Lynn Hamilton Butler*
      Lynn Hamilton Butler
      State Bar No. 03527350
      Sam Chang
      State Bar No. 24078333

ATTORNEYS FOR DIVERSIFIED
SOLUTIONS, INC.

AUS-5955368-1 519891/1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARNET ANALYTICS, INC. | )<br>) |
| Plaintiff, | )<br>) CIVIL ACTION<br>) NO. 3:12-cv-00716 (WWE)<br>) |
| vs. | )<br>) |
| | ) July 2, 2012 |
| DIVERSIFIED SOLUTIONS, INC., MICHAEL<br>LUNDY AND BRIAN SOL | )<br>)<br>) |
| Defendants. | )<br>) |

## APPLICATION FOR PREJUDGMENT REMEDY

To the United States District Court for the District of Connecticut, the undersigned represents:

1.      Pursuant to Fed. R. Civ. P. 64, D. Conn. L. Civ. R. 4(c), and Conn. Gen. Stat. §52-278a, et seq., Plaintiff Garnet Analytics, Inc. ("Garnet" or "Plaintiff"), hereby files this Application for Prejudgment Remedy (the "Application") against Defendants Diversified Solutions, Inc. ("DSI"), Michael Lundy (" Mr. Lundy"), and Brian Sol ("Mr. Sol") (collectively, "Defendants").

2.      By complaint dated May 14, 2012, Doc. #1 (the "Complaint"), Garnet has commenced an action against Defendants for (1) breach of contract (against DSI), (2) breach of the implied covenant of good faith and fair dealing (against DSI), (3) promissory estoppel (against DSI), (4) quantum meruit (against DSI), (5) negligent misrepresentation (against DSI), (6) fraud (against all Defendants), and 7) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a to 110q (against DSI).

3.      There is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy

**EXHIBIT A**

sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in Garnet's favor, and that such amounts will be recoverable from Defendants' assets pursuant to Conn. Gen. Stat. § 52-570a, based on, *inter alia*, the facts stated in the Complaint.

Based on the foregoing, Garnet seeks an order from this Court directing that the following prejudgment remedy be granted to secure the sum of $1,932,068.65:

      a.      To attach a sufficient amount of Defendants' real and personal property to secure the totality of such sums; and

      b.      To attach and/or garnish such other assets, goods, estate, debts, property and/or other obligations held by or on behalf of Defendants as may hereafter be identified by Defendants in their disclosures pursuant to Garnet's accompanying Motion for Disclosure of Assets, or as otherwise discovered by Garnet.

**WHEREFORE**, for all of the reasons stated herein, as well as in the accompanying Memorandum of Law, Affidavits of Denise Plude and Michael Plude and the Complaint, as filed on May 14, 2012, and any evidence adduced at any hearing held on this matter, Garnet respectfully requests that this Court grant this Application for Prejudgment Remedy.

      The PLAINTIFF,
      Garnet Analytics, Inc.

      By:    */s/ Christopher P. McCormack*
            Christopher P. McCormack (ct 03251)
            Alison M. Perry (ct 28482)
            Pullman & Comley, LLC
            850 Main Street, P.O. Box 7006
            Bridgeport, CT  06601-7006
            Telephone 203 330 2000
            Facsimile 203 576 8888

**EXHIBIT A**

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was electronically delivered or mailed on: 2nd day of July, 2012 to all counsel and pro se parties of record.

/s/ Christopher P. McCormack
Christopher P. McCormack - (ct 03251)

-3-
**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| GARNET ANALYTICS, INC. | : | |
| | : | |
| | : | |
| | : | |
| v. | : | CIV. NO. 3:12CV716 (WWE) |
| | : | |
| DIVERSIFIED SOLUTIONS, INC., | : | |
| MICHAEL LUNDY, and BRIAN SOL | : | |
| | : | |
| | : | |

## RULING ON PLAINTIFF'S APPLICATION
## FOR PREJUDGMENT REMEDY

Plaintiff, Garnet Analytics, Inc., ("Garnet"), brings this action to recover payment and damages for breach of contract.[1] [Doc. #1; Doc. #27 at 1]. Defendants are Diversified Solutions, Inc., ("DSI"); Michael Lundy, President of DSI, and Brian Sol, Vice President of DSI (collectively "defendants").

Beginning in 2008, Garnet and its predecessor, Kaskie Plude and Company, LLC ("Kaskie Plude"), provided analytical services to DSI including preparation of tax studies and Internal Revenue Service tax returns for DSI clients in support of the clients' telephone excise tax refund ("TETR") claims, and DSI agreed to compensate Garnet for doing so. Defendant instructed plaintiff to stop work on DSI projects on April 3, 2012. Plaintiff filed

---

[1] By complaint dated May 14, 2012, plaintiff alleges breach of contract (against DSI), breach of the implied covenant of good faith and fair dealing (against DSI), promissory estoppel (against DSI), quantum meruit (against DSI), negligent misrepresentation (against DSI), fraud (against all defendants), and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a to 110q (against DSI). [Doc. #1].

1

**EXHIBIT B**

this action on May 14, 2012, to recover payment for services rendered in addition to punitive damages and attorneys' fees.

Plaintiff seeks a prejudgment remedy ("PJR") against defendants in the amount of $1,932,068.65. [Doc. #27]. This amount represents actual damages of $1,095,452.77 for completed pending TETR applications, and $507,137.50 for TETR applications not fully completed or submitted at the time DSI terminated the parties' relationship. [Pl. Ex Q and S]. Plaintiff also seeks a prejudgment award of punitive damages and attorneys' fees calculated at twenty-five percent of actual damages [Doc. #28 at 26-7]. A hearing was held on January 30, and March 11, 12, and 13, 2013.

In support of its application, plaintiff filed the Affidavits of Denise Plude, President of Garnet, and Michael Plude, CPA and principal of Kaskie Plude. At the hearing, plaintiff presented the testimony of Michael Plude and Denise Plude, along with exhibits. Defendants cross-examined plaintiff's witnesses and provided not-yet-completed testimony from Gary Kondler, an employee of Kondler and Associates, and Michael Lundy, President of DSI, along with exhibits.

## PROBABLE CAUSE STANDARD

To grant a prejudgment remedy ("PJR") of attachment, the court must make a finding of "probable cause." Connecticut General Statutes § 52-278c(a)(2) requires that the application include:

2

**EXHIBIT B**

> An affidavit sworn to by the plaintiff or
> any competent affiant setting forth a
> statement of facts sufficient to show that
> there is probable cause that a judgment in
> the amount of the prejudgment remedy sought,
> or in an amount greater than the amount of
> the prejudgment remedy sought, taking into
> account any known defenses, counterclaims or
> set-offs, will be rendered in the matter in
> favor of the plaintiff.

Connecticut General Statute §52-278d provides that a PJR hearing
is limited to a determination of "whether or not there is
probable cause that a judgment in the amount of the prejudgment
remedy sought, taking into account any defenses, counterclaims
or set-offs, will be rendered in the matter in favor of the
plaintiff."

"Probable cause," in the context of a prejudgment remedy,
has been defined by Connecticut courts as "a bona fide belief in
the existence of the facts essential under the law for the
action and such as would warrant a man of ordinary caution,
prudence and judgment, under the circumstances, in entertaining
it." Three S. Dev. Co. v. Santore, 193 Conn. 174, 175 (1984)
(quotation marks and citation omitted).

In other words, in addressing PJR applications, the "trial
court's function is to determine whether there is probable cause
to believe that a judgment will be rendered in favor of the
plaintiff in a trial on the merits." Calfee v. Usman, 224 Conn.
29, 36-37 (1992) (citation omitted). A probable cause hearing
for the issuance of a prejudgment remedy "is not contemplated to
be a full scale trial on the merits of the plaintiff's claim."
Id. at 37. The plaintiff need only establish that "there is
probable cause to sustain the validity of the claim." Id.

**EXHIBIT B**

Probable cause "is a flexible common sense standard.  It does not demand that a belief be correct or more likely true than false." New England Land Co. v. DeMarkey, 213 Conn. 612, 620 (1990) (citation omitted).

After a hearing, the Court considers "not only the validity of the plaintiff's claim but also the amount that is being sought." Calfee, 224 Conn. at 38.  The Court will make a determination of how much of the defendant's property may properly be attached in order to safeguard the collectibility of a potential future judgment in favor of the plaintiff." Calfee, 224 Conn. at 39. "[D]amages need not be established with precision but only on the basis of evidence yielding a fair and reasonable estimate." Burkert v. Petrol Plus of Naugatuck, Inc., 5 Conn. App. 296, 301 (1985) (citation omitted).

"[T]he Court must evaluate not only the plaintiff's claim but also any defenses raised by the defendant." Haxhi v. Moss, 25 Conn. App. 16, 20 (1991) (citation omitted).

## FINDINGS

After four days of hearings and for the reasons set out below, the Court **GRANTS** the application for prejudgment remedy in the amount of $1,602,690.27. [Doc. #27]. This Order is subject to reconsideration if defendants provide to plaintiff's counsel the discovery requested and necessary for adequate cross examination of witnesses the defendants propose to offer to establish their claimed defenses, counterclaims and setoffs.

**EXHIBIT B**

Through the testimony of Michael Plude and Denise Plude,
plaintiff Garnet Analytics Inc. established probable cause to
believe the plaintiff will prevail, at the very least, on their
breach of contract claim, set out in Count One of the complaint.
The court credits the testimony of both Michael Plude and Denise
Plude, which was corroborated by extensive documentation and not
challenged in any significant respect on cross-examination.
Plaintiff tendered Denise Plude for cross-examination at the
conclusion of the second of four scheduled hearing days.
Defendants, after being told they could not divide the cross-
examination of Ms. Plude between two defense lawyers, spent an
entire court day on that cross-examination. While the cross-
examination focused on the email and telephone relationship
between the parties, a considerable amount of time was spent on
what appeared to be diversions or general attacks on the
witness' character or credibility, notwithstanding a warning
from the bench that the witness had given detailed evidence
about the time spent working on specific projects for
defendants, and that the Court had yet to hear anything about
the defendants' defenses, set-offs or counterclaims. Counsel
made it clear through argument that defendants' position was
that the Court should not accept any of the evidence of time
spent because it was not contemporaneously recorded.  None of
the specific time entries was discussed or challenged on cross-
examination.

At the start of the fourth (final) scheduled day, counsel
for defendants said that they would not further cross-examine

**EXHIBIT B**

Ms. Plude and expressed concern about whether they could present
their defense witnesses in the remaining scheduled day.
Plaintiff's counsel, after re-asserting his position that the
defendants had failed to produce promised discovery or an
adequate disclosure for defendant's proposed expert witness,
suggested proceeding with defendants' witnesses.

Defendants chose to begin their case with their proposed
expert. After hearing preliminary testimony about the witness'
qualifications and experience, the Court ruled that he was not
qualified to render the proposed opinion, which was described in
the defendants' limited disclosure as, "the preparation of a
TETR claim does not involve more than fifty (50) man hours under
any circumstances." After that ruling, defendants were warned
again from the bench that the court had not yet heard any
evidence concerning defenses, set-offs and counterclaims, and
left to counsel the determination of how to present the
remaining witnesses. With the agreement of counsel, instead of
taking a morning recess, the court adjourned early for a lunch
break (at about 12:40 p.m.) and reconvened at 1:30 p.m.

Defendants elected to continue by presenting the proposed
expert as a fact witness. He testified on direct until after 4
p.m., when defense counsel represented that they would not
finish his direct testimony that day, and asked that the hearing
be continued. Plaintiff's counsel had already reiterated through
repeated objections to the testimony that he would be unable to
cross-examine the witness effectively because none of the

**EXHIBIT B**

information or documents on which the witness relied had been
produced in discovery.

At that point, the Court found that, due to the prejudice
to the plaintiff from the defendants' failure to provide
discovery or an adequate disclosure concerning the proposed
expert witness,[1] the appropriate sanction was to rule on the
application for prejudgment remedy based on the evidence
presented to that time, subject to reconsideration after
defendants complied with their discovery obligations and
presented any additional witnesses.

Defendants then asked to suspend the Kondler testimony and
call another witness; in response to their request, the Court
proposed to sit until 6 p.m. Michael Lundy testified until
approximately 5:15 p.m. on direct, and then for another
approximately 30 minutes on cross-examination, but plaintiff's
counsel was not close to finishing cross-examination and
represented that his cross-examination was hampered by the
absence of requested discovery materials.

Counsel for each of the parties then offered argument based
on the existing record and the Court indicated it would render a
written ruling the following day.

---

[1] On the current record before the Court and amply
demonstrated during the four day PJR hearing, Garnet has
established that it is prejudiced by defendants' litigation
strategy and failure to provide timely discovery responses.
Plaintiff filed this action on May 14, 2012, and the PJR
Application on July 2, 2012. By mid-September, plaintiff
provided its initial disclosure which included every hardcopy
and electronic document in its possession. Defendant was invited
to inspect Garnet's and Kaskie Plude's documents in Monroe,
Connecticut, which defendants to date have failed to do.

**EXHIBIT B**

On March 4, 2013, plaintiff moved for, among other things, an order of discovery sanctions, "precluding defendants from introducing or relying on any evidence or documentation not provided in response to [Garnet's] discovery requests, and from introducing or relying on any expert testimony from certain purported experts not adequately disclosed by defendants, or, in the alternative, for an order directing defendants to cure the defects in their discovery responses and experts disclosures by a date certain." [Doc. #96].  The history of defendants' failure to produce timely and/or meaningful responses to plaintiff's discovery requests is set forth in the Affidavit of Counsel attached to plaintiff's motion. [Doc. #28]. Defendants have yet to respond to the sanctions motion, and the Court does not think it fair to permanently preclude any evidence of their defenses, set-offs and counterclaims. However, to avoid the demonstrated prejudice to plaintiff which would be caused by adjourning these proceedings pending defendants' discovery compliance, the most appropriate sanction for defendants' failure to provide timely discovery is to condition any further PJR proceeding on the defendants' production of responsive discovery that will enable plaintiff to cross examine defendants' witnesses and respond to their defenses, counterclaims and set-offs at a continued hearing, and to rule now on the existing record subject to reconsideration.

Before any further hearing, defendants will be required to provide copies of their pre-numbered exhibits to plaintiff with two copies to the Court, fourteen days in advance of the

**EXHIBIT B**

scheduled hearing date. Witness and exhibit lists must accompany the submission. Failure to comply may result in the cancellation and rescheduling of the hearing to a later date.

The Court reserves decision on Counts 2 through 7 to give defendants an opportunity to complete their evidence.

## AMOUNT OF THE PJR ATTACHMENT

Because defendants agreed that they owe some amount for Garnet's past services but made no counter proposal on damages, the Court considers plaintiff's showing of contract damages, having found the existence of an agreement and its breach.

"The general rule of damages in a breach of contract action is that the award should place the injured party in the same position as he would have been in had the contract been performed . . . . Damages for breach of contract are to be determined as of the time of the occurrence of the breach." Gazo v. City of Stamford, 255 Conn. 245, 264-65 (2010) (citation omitted).

The Court has carefully weighed the credibility of the witnesses and finds the testimony of Michael Plude and Denise Plude regarding the unpaid Garnet invoices credible. For the completed TETR claims, the Court awards compensation as calculated under the 20 percent cap, as set forth in plaintiff's exhibit Q. For the TETR claims in progress, the Court awards compensation calculated at an hourly rate, as set forth in plaintiff's exhibit S, as it is less than the alternative amount

**EXHIBIT B**

proposed by Garnet based on a 20 percent cap calculation, and
some evidence has been adduced to show that DSI subsequently
used Garnet's work.  The Court notes that on cross-examination
of Denise Plude, defendants declined to question the billing on
each of the seventeen clients listed on plaintiff's exhibit S
and objected to the admission of plaintiff's exhibit T which
contained the supporting documentation.  Plaintiff's exhibits S
and T are not full exhibits.  The Court, however, credits the
witnesses' testimony that the claimed hours were calculated
using the methodology demonstrated in the more extensive
exhibits N and O for Clients One and Two.

The Court declines, at this time, to award prejudgment
interest or punitive damages, without prejudice to
reconsideration upon a further record, including further
testimony by defendants' witnesses.

| | |
|---|---|
| TETR claims filed | $1,095,452.77 |
| TETR claims in progress | $ 507,137.50 |
| **TOTAL** | **$1,602,690.27** |

Based on the evidence presented, the Court finds probable
cause to believe that a judgment in the amount of at least
$1,602,690.27 will be rendered in favor of plaintiff in a trial
on the merits. Calfee v. Usman, 224 Conn. 29, 36-37 (1992); see
Conn. Gen. Stat. §52-278c(a)(2).

The Court declines to award a PJR for future attorneys'
fees and costs at this time. Plaintiff may file a motion to

10

**EXHIBIT B**

increase the PJR with supporting documentation on a more developed record as additional fees and costs are incurred.

**CONCLUSION**

Based on the foregoing, plaintiff's Application for a Prejudgment Remedy **[Doc. #27]** is **GRANTED** in the amount of $**1,602,690.27** against defendant DSI. Plaintiff's Motion for Disclosure of Assets as to defendants DSI, Michael Lundy and Brian Sol **[Doc. #29]** is **GRANTED.** Defendants will comply with this ruling and order within fourteen (14) days.

Plaintiff's Motion Pursuant to Fed. R. Civ. P. 37 for Failure to Respond to Discovery **[Doc. #96]** is **GRANTED** in part as set forth in the opinion. The Court **RESERVES** on the remainder of the relief requested until defendants file their brief in opposition. Defendants' response is due on March 25, 2013.

This is not a recommended ruling. [6] This is a ruling on an Application for Prejudgment Remedy which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless

---

[6]See  Aetna Life Ins. Co. v. Toothsavers Dental Serv., No. 96 CV 570 (GLG), 1997 WL 102453 (D. Conn. Feb. 4, 1997) (finding referral to Magistrate Judge "for the purpose of a hearing on prejudgment remedy" was a request for a determination of the prejudgment remedy pursuant to 28 U.S.C. §636(b)(1)(A) and was not a recommended ruling effective only upon a District Court Judge's review and adoption, pursuant to 28 U.S.C. §636(b)(1)(B)).

11

**EXHIBIT B**

reversed or modified by the district judge upon motion timely made.

Dated at Bridgeport this 14th day of March 2013.

```
_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```

12

**EXHIBIT B**

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Diversified Solutions, Inc. | DEFENDANTS<br>Garnet Analytics, Inc. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Lynn H. Butler, 111 Congress Ave., Suite 1400, Austin, TX 78701 - (512) 479-9758 | ATTORNEYS (If Known)<br>Christopher P. McCormack, 850 Main St., Bridgeport, CT 06601 - (203) 330-2253 |
| PARTY (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Judgment regarding validity of interest

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), willful and malicious injury
☐ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Diversified Solutions, Inc. | | BANKRUPTCY CASE NO.<br>14-10069 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISIONAL OFFICE<br>Austin | NAME OF JUDGE<br>Tony M. Davis |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>March 28, 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Se Hun (Sam) Chang | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

(8/96)

# United States Bankruptcy Court

_____ District Of_____

**In re** _____, )
                          Debtor                              )        Case No. _____
                                                             )
                                                             )        Chapter _____
_____, )
                          Plaintiff                          )
                                                             )
           v.                                                )
_____, )        Adv. Proc. No. _____
                          Defendant                          )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk |
|---|
| |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
*Clerk of the Bankruptcy Court*

_____          By:_____
            Date                                              Deputy Clerk

# CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the
                     (name)
service of process was, not less than 18 years of age and not a party to the matter concerning which service of
process was made.  I further certify that the service of this summons and a copy of the complaint was made
_____ by:
     (date)

☐ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed
to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]
                                                        (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____       _____
          Date                                           Signature

| Print Name | | |
|---|---|---|
| Business Address | | |
| City | State | Zip |