IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIVERSIFIED SOLUTIONS, INC. | § | CASE NO. 14-10069 |
| Debtor | § | Chapter 11 |
| | § | |

**GARNET'S JOINDER IN DEBTOR'S RESPONSE
TO THE MOTION TO SHOW CAUSE ORDER**

TO THE HONORABLE TONY DAVIS:

Garnet Analytics, Inc. (GAI) hereby joins in the *Response* of the Debtor (Docket #73) to the Court's *Show Cause Order* (Docket #69), joining in the following respects:

1. Attached as **Exhibit A** is the term sheet for a compromise between the Debtor and GAI. The compromise provides an equitable way of addressing the Court's concerns about the Debtor. The Debtor should be permitted the opportunity to seek approval of the compromise.

2. The Court's reasons for seeking conversion, dismissal, or appointment of a trustee or examiner are manifest, but, even if that relief is justified, the rules permit such relief to be delayed in the interests of justice. Fed. R. Bankr. P. 1001. It would not serve the interests of the entire creditor body to convert the case immediately, at least until the Court has considered the benefit of the attached compromise.

1

McKool 961449v180014

WHEREFORE, PREMISES CONSIDERED, Garnet Analytics, Inc. requests that the Court delay consideration of the conversion of the case, appointment of a trustee, or dismissal, until it has had the chance to consider the advisability of the proposed compromise.

Dated: April 9, 2014

**MCKOOL SMITH P.C.**

By: */s/ Hugh M. Ray, III*
    HUGH M. RAY, III
    State Bar No. 24004246
    600 Travis, Suite 7000
    Houston, Texas 77002
    Telephone: (713) 485-7300
    Facsimile: (713) 485-7344

*Attorneys for Garnet Analytics, Inc.*

And

Respectfully submitted,

    */s/Irve Goldman*
By: Christopher P. McCormack
Irve J. Goldman
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
Facsimile: (203) 576-8888
cmccormack@pullcom.com
igoldman@pullcom.com

*Attorneys for Garnet Analytics, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 13, 2014, a true and correct copy of this document was served by electronic means on the United States Trustee (as listed on the Court's ECF noticing system) and on the parties shown below, and by first class mail:

Lynn Hamilton Butler, Esq.
Husch Blackwell LLP
111 Congress Ave Ste 1400
Austin, TX 78701

Joseph J. Arcata, III, Esq.
Halloran & Sage LLP
225 Asylum Street
One Goodwin Square
Hartford, CT 06103

    */s/ Hugh M. Ray, III*
       Hugh M. Ray, III

McKool 961449v180014

# Settlement Term Sheet

## Subject to Bankruptcy Court Approval, the parties agree to the following

**Parties**:
Denise T. Plude
Michael S. Plude
Garnet Analytics, Inc.
Kaskie, Plude & Co., LLC
Brian J. Sol
Michael J. Lundy
Diversified Solutions, Inc. ("DSI")

**Payment**:

$2,100,000.00 to Garnet Analytics from Sol, Lundy and/or DSI upon entry of the bankruptcy court order dismissing (or abstaining from) the DSI Bankruptcy Case.
An escrow of additional funds of $370,000, or other amount determined by the Court to be sufficient to pay non-insider, unsecured claims against the Debtor, (described in the proposed form of order).
The form of dismissal order must be substantially in the form attached hereto.

**Mutual General Releases**
After payment to Garnet, dismissal of Connecticut court case with prejudice and mutual releases of all Parties and their affiliates.

**Condition Precedent**
Bankruptcy Court final order approving compromise and Court's Dismissal of (or abstention of) DSI Bankruptcy Case.

Dated April 7, 2014

_____
Brian Sol, individually and for DSI

_____
Michael Lundy, individually and for DSI

_____
Denise T. Plude, Individually and for
Garnet Analytics, Inc.

_____
Michael S. Plude, Individually and for
Kaskie, Plude & Co., LLC

4/7/2014 5:19:57 PM

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | x : : | Chapter 11 |
| DIVERSIFIED SOLUTIONS, INC., | : : : | Case No. 14-10069 (TMD) |
| Debtor | x | |

## ORDER DISMISSING CASE WITH CONDITIONS

On this day, there came before the Court for consideration its Order to Show Cause why the Court should not order the appointment of a chapter 11 trustee or convert or dismiss this chapter 11 case (the "Order to Show Cause"), and based upon the evidence and arguments presented to the Court at the hearing on the Motion of Garnet Analytics, Inc. for Relief from the Automatic Stay to Continue the Connecticut District Court Action (the "Lift Stay Motion") and the Debtor's Motion to Enforce the Automatic Stay, together with the proposal presented to the Court at the hearing on the Order to Show Cause by creditor, Garnet Analytics, Inc. ("Garnet") and the Debtor, Diversified Solutions, Inc. ("Debtor or Diversified"), for the dismissal of this chapter 11 case with conditions, the Court hereby finds good cause to dismiss this chapter 11

case subject to the terms and conditions set forth in this order pursuant to §§1112(b) and 349(b). Accordingly, it is hereby

**ORDERED**, that the Debtor's chapter 11 case shall be, and it hereby is, dismissed under the following terms and conditions with which the Debtor, Lundy and Sol are directed to comply:

1. Upon entry of this order, the Debtor and its officers, directors and shareholders, Michael Lundy ("Lundy") and Brian Sol ("Sol") (collectively, the "Diversified Parties"), shall pay the sum of $2,100,000 (the "Settlement Amount") to Garnet in full and final satisfaction all claims Garnet has or may assert against the Diversified Parties, including those set forth in the action currently pending in the United States District Court for the District of Connecticut and as more fully identified in the Lift Stay Motion (the "Connecticut Action"). In furtherance of such payment, the Debtor shall take all necessary steps to cause the funds that are currently subject to Garnet's prejudgment garnishment and on deposit with US Bank to be unconditionally released to Garnet. Upon payment of the Settlement Amount, Garnet and the Diversified Parties shall exchange mutual general releases and Garnet shall dismiss the Connecticut Action with prejudice.

2. In the absence of timely payment of the Settlement Amount, Garnet shall be deemed to hold an allowed secured claim in the amount of $1.6 million and a total allowed claim in the amount of $5 million, not subject to objection, disallowance or subordination.

3. Within 14 days of the date of this order, the Diversified Parties shall deposit in an escrow account $370,000, or such funds determined by the Court to be sufficient to pay non-insider, unsecured claims against the Debtor (the "Non-Insider Creditors") and which may not be used for any other purpose (the "Creditor Fund") absent further order of the Court. The Debtor

shall promptly thereafter file evidence with the Court that the Creditor Fund has been established.

4. The Debtor shall pay the Non-Insider Creditors as soon as reasonably practicable following the entry of this order in the amounts set forth on the Debtor's current Schedules E and F or in such other manner as may be agreed to in writing by a particular creditor and the Debtor (the "Creditor Payments"), provided that any such agreement shall be filed with the Court with an affirmation under oath by Lundy and Sol that the particular creditor has agreed to the treatment set forth in the agreement that is filed.

5. The Creditor Payments shall be made not later than 30 days from the entry of this order or such additional time the Court may allow for cause shown within such 30-day period.

6. Upon completion of the Creditor Payments, the Debtor shall evidence thereof, with an affirmation under oath by Lundy and Sol that all Creditors Payments have been made. If the total amount of the Creditor Payments is less than the amount of the Creditor Fund, the surplus may be released to the Debtor.

7. Upon the filing of an affirmation under oath by Lundy and Sol that the Settlement Payment has been made, that the Non-Insiders Creditors have been paid or satisfied in full, and that all U.S. trustee fees that are owed have been paid, the Clerk is directed to close this chapter 11 case.

8. The dismissal of this case shall be effective as of the funding of the Creditor Fund and payment of the Settlement Payment, but the Court retains jurisdiction of this case to monitor and enforce compliance with this order and grant such relief as it may deem appropriate.

# # #