IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIVERSIFIED SOLUTIONS, INC. | § | CASE NO. 14-10069 |
|    Debtor | § | Chapter 11 |
| | § | |

**AMENDED EXPEDITED JOINT MOTION TO APPROVE COMPROMISE WITH GARNET ANALYTICS UNDER RULE 9019**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**If no timely response is filed by April 24, 2014, the relief requested herein may be granted without a hearing being held.**

**Expedited consideration of this motion has been sought. The Court has set the hearing on this motion for April 28, 2014 at 9:30 a.m. in Courtroom #1, United States Bankruptcy Court, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Third Floor, Austin, Texas 78701.\*\***

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

Diversified Solutions, Inc., Debtor-in-Possession, and Garnet Analytics, Inc. ("Garnet") move this court to approve compromise and would respectfully show the Court as follows:

### Summary

The Court's Order to Show Cause raised the possibility of the appointment of a Chapter 11 Trustee, conversion or dismissal. On April 7, 2014, the Debtor and Garnet met to explore a compromise of their disputes that would be approvable by this Court. The Debtor and Garnet have worked toward a compromise that would address the Court's concerns. The compromise being presented to the Court thus provides for dismissal case, but on terms that satisfy the claims of Garnet. The compromise easily meets the test of Rule 9019.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (B), and (O). The Court has authority to enter final orders granting the relief sought in this motion because the relief sought is sought pursuant to sections 105 of the Bankruptcy Code and Bankruptcy Rule 9019 – adjudicating public rights arising under the code.

2. Venue is proper in this District pursuant to 28. U.S.C. § 1408(1) because the Debtor's principal place of business has been located in this District for more than 180 days preceding the filing of this bankruptcy case.

**Expedited Consideration**

3. Expedited consideration is warranted under the balancing of the equities. Creditors face the hardship of delayed payment and the Debtor faces additional tax and administration costs if the compromise is delayed. There is no harm to the creditors from this compromise and their rights are not being affected. Indeed, this is a better result than the alternatives of conversion or dismissal listed in the Show Cause Order, which would provide no assurance of payment to anyone.

**Factual Background**

4. Garnet and the Debtor have been in litigation arising out of a business relationship that ended in 2012. In that litigation, Garnet obtained prejudgment relief against the Debtor pursuant to Connecticut law permitting Garnet to attach $2.188 million. The order authorizing this relief omitted several categories of damages that Garnet would claim in a final judgment; Garnet would contend that recoverable damages and interest would exceed $5 Million. A judgment including punitive damages under the Connecticut Unfair Trade Practices Act could

2

double or treble certain components of an award, resulting in a judgment potential in the range of $9 million.

5. As the Court noted on the record in a hearing in this matter on March 31, 2014, the Debtor has scheduled other non-insider claims totaling approximately $370,000. The rights of those creditors are not impaired by the approval of the Garnet settlement on the terms proposed, inasmuch as the settlement is without prejudice for them to seek payment of their claims to the extent the Debtor fails to do so after dismissal.

6. In the wake of the Court's *Order to Show Cause*, representatives of Garnet and the Debtor met in New York on April 7, 2014, with their respective counsel.[1] A topic of universal concern was that Garnet's compromise must pass the scrutiny of this Court.

7. The efforts of Garnet and the Debtor over a long day of hard fought, arms-length negotiations resulted in a global agreement providing for compromise of the Garnet claim. The compromise reduces Garnet's claim from over $9 Million to a total below the $2.188 million already approved by the District Court in Connecticut as a prejudgment attachment. The compromise also includes mutual releases and ends the Connecticut litigation..

## The Proposed Compromise and Settlement

8. To resolve the dispute the parties (in individual and corporate capacities) signed a term sheet (attached as **Exhibit A** to the original Motion). The Term provides for the following:

- Settlement is conditioned upon a Bankruptcy Court order approving the compromise and a separate Bankruptcy Court order dismissing the DSI's chapter 11 case..

---

[1] Mr. Butler appeared by phone, but Mr. Arcata represents the Debtor, Sol and Lundy in the Connecticut suit brought by Garnet and was present.

- $2,100,000.00 shall be paid to Garnet Analytics from Sol, Lundy and/or DSI upon entry of the bankruptcy court order dismissing (or abstaining from) the DSI Bankruptcy Case.

- After payment to Garnet, the Connecticut court case will be dismissed with prejudice and mutual releases will be given for and by all Parties and their affiliates.

9. The Court is also asked to authorize the Debtor to execute and deliver, perform under, consummate and implement any and all necessary settlement documents, together with all additional instruments and documents that may be reasonably requested or necessary or desirable to effectuate the compromise and/or implement the releases therein.

### Relief Requested

10. By this Motion, pursuant to Bankruptcy Code § 105 and Bankruptcy Rule 9019, the Debtor and Garnet request that the Court permit the Debtor to enter into the compromise set forth above on the estate's behalf.

### Basis for Relief

**A.    Basis to Approve Compromise.**

11. Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997).

12. Indeed, "[t]o minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Anderson*, 390 U.S. at 424 (1968) (citation omitted). Bankruptcy Code § 105(a) further provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provision of [the Bankruptcy Code]." The approval of a settlement pursuant to Bankruptcy Rule 9019 is committed to the bankruptcy court's discretion." *Key3Media Group, Inc. v. Pulver.com, Inc. (In re Key3Media Group, Inc.)*, 336 B.R. 87, 92 (Bankr. D. Del. 2005). In analyzing a proposed settlement, courts seek to

4

determine "whether or not the terms of the proposed compromise fall within the reasonable range of litigation possibilities." *In re Energy Corp., Inc.*, 886 F.2d 921, 929 (7th Cir. 1989).

13. Thus, this Court need only conclude that the proposed settlement "falls within the reasonable range of litigation possibilities" somewhere "above the lowest point in the range of reasonableness." *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) (approving settlement where success "not assured," difficulties in proposing plan absent settlement, and expense, inconvenience, and delay to all creditors.) (internal citations omitted); *see also, e.g.*, *Official Unsecured Creditors' Comm. v. Pennsylvania Truck Lines, Inc. (In re Pennsylvania Truck Lines, Inc.)*, 150 B.R. 595, 601-02 (E.D. Pa. 1992) (affirming bankruptcy court's approval of settlement despite debtor's "sketchy" analysis of cost, time and risk), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

14. In fact, that litigation may arguably result in a better outcome does not render a settlement unreasonable. *Id.* at 603. Indeed, a court need not conclude that a settlement is the best possible compromise. *Id.* at 329-30. In deciding whether to approve a settlement, a court should also consider whether the issues to be litigated are complex and the results uncertain. *See In re Kaiser Aluminum Corp.*, 339 B.R. 91, 96 (D. Del. 2006) (approving as reasonable a settlement of claims because "in the face of these complex and uncertain issues, it is difficult to envision who would succeed, but not difficult to envision complex, costly and time-consuming litigation"). Basic to evaluating proposed compromises or settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT*, 390 U.S. at 425. This Court is not required, however, to hold a full evidentiary hearing before a compromise can be approved; rather, the Court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" *In re Drexel Lambert Group, Inc.*, 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991).

15. Courts also typically adhere to the business judgment rule, giving "some deference" to a debtor's business judgment. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291-92 (Bankr. D. Colo. 2006) (citing *Depo v. Chase Lincoln First Bank, N.A.,* 77 B.R. 381, 384 (N.D.N.Y. 1987), *aff'd,* 863 F.2d 45 (2d Cir.1988)); *In re Buffalo Coal Co.*, No. 06-366, 2006 WL 3359585, at *3 (Bankr. N.D. W. Va. Nov. 15, 2006) ("A decision to compromise a claim is also reviewed under the business judgment test."); *see also GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005) (finding that a court is to give "great judicial deference . . . to the [debtor's] exercise of business judgment"); *In re Cadkey Corp.*, 317 B.R. 19, 22-23 (D. Mass. 2004) (finding that debtor's business decision should be approved unless it is manifestly unreasonable); *In re Bakalis*, 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998) (debtor's business judgment enjoys "great judicial deference").

16. If Garnet were to proceed with the Connecticut litigation against the Debtor – which the Court has already authorized Garnet to do - the Debtor would continue to face a costly and complex defense, especially given the very difficult issues the Debtor would have to address at trial. As an initial matter, the estate simply does not have the funds to pursue lengthy litigation, and the proposed compromise with Garnet would not only resolve the estate's claims with little additional legal expense, it would also liquidate a claim with a far higher liability potential to the compromise amount of $2.1 million. The $2.1 million is less than the prejudgment remedy attachment amount of $2.188 million, which omitted certain punitive damage and interest components.

17. If the Debtor were required to litigate its claims against Garnet, in parallel with ongoing bankruptcy proceedings, the Debtor would also have to contend with the complex work of analyzing business and accounting records. There would potentially be additional fact discovery specific to the bankruptcy proceeding, as well as possible collateral litigation over

the attachment lien pursuant to the Connecticut prejudgment remedy statute notwithstanding the case authorities cited by Garnet that the attachment is not avoidable on any ground and gives rise to an enforceable and allowed secured claim. Even if the Debtor were to ultimately prevail in a challenge to the Connecticut attachment, the law on the subject is at best uncertain so the risk of appeal is significant. Given the costs involved, even if the Debtor prevailed in the end (which it in all probability does not have the funds to do), the victory would be Pyrrhic, at best.

18. Since Garnet holds the largest single claim against the Debtor by a significant margin, its settlement at a significantly reduced amount while other creditors retain all rights against the Debtor in the event their claims are not fully paid or settled after dismissal constitutes a compromise that is "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d at 355.

### Notice is being Provided

19. Notice of this Motion has been or will be provided to the U.S. Trustee, the creditors on the Debtor's mailing matrix, any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules. The Debtor submits that no further notice of this Motion is required.

### Prayer

WHEREFORE, the Debtor and Garnet request that the Court enter an Order:

    (1) Approving the compromise, including the execution of documents needed to further effectuate it; and,

    (2) Granting such other and further relief as is proper.

Dated: April 11, 2014.

AUS-5962177-1

Respectfully submitted,

**HUSCH BLACKWELL, LLP**

<u>/s/ Lynn H. Butler</u>
Lynn Hamilton Butler, Esq.
State Bar No. 03527350
111 Congress Ave Ste 1400
Austin, TX 78701
***Attorneys for the Debtor***

And

**PULLMAN & COMLEY, LLC**

<u>/s/ Christopher P. McCormack</u>
By: Christopher P. McCormack
Irve J. Goldman
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
Facsimile: (203) 576-8888
cmccormack@pullcom.com
igoldman@pullcom.com

***Attorneys for Garnet Analytics, Inc.***

**and**

**McKOOL SMITH P.C.**

By: <u>/s/ Hugh M. Ray</u>
HUGH M. RAY, III
State Bar No. 24004246
600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

***Attorneys for Garnet Analytics, Inc.***

8

## CERTIFICATE OF SERVICE

      The undersigned certifies that on April 11, 2014 a true and correct copy of this document was served on all parties on the attached official service list by electronic means as listed on the Court's ECF noticing system, and by United States first class mail, postage prepaid at the address indicated.

                                        /s/ Lynn H. Butler
                                        Lynn Hamilton Butler

```
Label Matrix for local noticing      Diversified Solutions, Inc.           U.S. BANKRUPTCY COURT
0542-1                                8101 Avella Drive                    903 SAN JACINTO, SUITE 322
Case 14-10069-tmd                     Austin, TX 78729-4939                AUSTIN, TX 78701-2450
Western District of Texas
Austin
Wed Apr  9 12:58:06 CDT 2014

Adam S. Mocciolo                      Alison Marie Perry                   Amber Giles
Pullman & Comley                      Pullman & Comley                     5102 Doss Road
850 Main Street                       840 Main Street                      Austin, TX 78734-1209
Bridgeport, CT 06604-4988             Bridgeport, CT 06604


American Express                      Anthem Blue Cross                    Audimation Services, Inc.
Attn: Bankruptcy Division             P.O. Box 9051                        1250 Wood Branch Park Dr., Suite 480
P.O. Box 360002                       Oxnard, CA 93031-9051                Houston, TX 77079-1212
Fort Lauderdale, FL 33336-0002


Brian J. Sol                          CH Services, Inc.                    Christopher P. McCormack
P.O. Box 2472                         11011 Domain Drive                   Pullman & Comley
Stateline, NV 89449-2472              Austin, TX 78758-7764                840 Main Street
                                                                           Bridgeport, CT 06604


Cody Hobza                            Dan Hernandez                        (p)INTERNAL REVENUE SERVICE
13008 Hymeadow Circle                 2635 W. 45th                         CENTRALIZED INSOLVENCY OPERATIONS
Austin, TX 78729-1758                 Austin, TX 78731-5941                PO BOX 7346
                                                                           PHILADELPHIA PA 19101-7346


Diamond Aviation Services             Earthnet, Inc.                       Elizabeth Viveros
3205 Paseo Vista                      4735 Walnut St., Suite F             1175 Prussian Way
San Martin, CA 95046-9700             Boulder, CO 80301-2553               Oceanside, CA 92057-1840


Employment Development Department     FedEx                                Franchise Tax Board
State of California                   Attn: Bankruptcy Div.                Bankruptcy Section MS A340
Bankruptcy Unit - MIC 92E             P.O. Box 7221                        PO Box 2952
P.O. Box 826880                       Pasadena, CA 91109-7321              Sacramento, CA 95812-2952
Sacramento, CA 94280-0001


Franchise Tax Board                   Garnet Analytics, Inc.               Garnet Analytics, Inc.
Bankruptcy Section, MS A-340          324 Elm Street, Suite 103B           c/o Hugh M. Ray, III
P.O. Box 2952                         Monroe, CT 06468-2283                McKool Smith PC
Sacramento, CA 95812-2952                                                  600 Travis Suite 7000
                                                                           Houston, TX 77002-3018


Halloran & Sage LLP                   Internal Revenue Service             Kondler & Associates
Attn: Joseph J. Arcata, III, Esq.     P.O. Box 7346                        6460 Medical Center St., Suite 230
One Goodwin Square                    Philadelphia, PA 19101-7346          Las Vegas, NV 89148-2421
225 Asylum St.
Hartford, CT 06103-1516


Larry Conklin                         Lubich & Lubich                      Lynn H. Butler
1175 Prussian Way                     16375 Monterey Road, Suite N         Husch Blackwell LLP
Oceanside, CA 92057-1840              Morgan Hill, CA 95037-5442           111 Congress Avenue, Suite 1400
                                                                           Austin, TX 78701-4093
```

```
Manaya Management, Inc.              Mark Astleford                      Michael Lundy
P.O. Box 2472                        15450 FM 1325 - Apt. # 1536         8101 Avella Drive
Stateline, NV 89449-2472             Austin, TX 78728-2838               Austin, TX 78729-4939



Moco Tax                             PM3 Consulting, Inc.                Patricia Menz
3080 Bristol Street, Suite 110       3220 Feathergrass Ct., 9106         2207 Pasadena Dr., #9
Costa Mesa, CA 92626-3055            Austin, TX 78758-7778               Austin, TX 78757-2214



Premiere Global Services             Secretary of State                  Secrtary of the Treasury
P.O. Box 404351                      State of California                 1500 Pennsylvania Avenue, N.W.
Atlanta, GA 30384-4351               1500 11th Street                    Washington, DC 20220-0001
                                     Sacramento, CA 95814-5701



Sourcive, Inc.                       (p)CALIFORNIA STATE BOARD OF EQUALIZATION   Texas Attorney General
4255 Garlan Lane                     ACCOUNT REFERENCE GROUP MIC 29              Bankruptcy & Collections Division
Reno, NV 89509-5444                  P O BOX 942879                              P.O. Box 12548
                                     SACRAMENTO CA 94279-0029                    Austin, TX 78711-2548



(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS         Texas Workforce Commission       Tristan Scott Cowperthwait
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION     Tax-Collections                  Pullman & Comley
PO BOX 13528                                    101 E. 15th Street               840 Main Street
AUSTIN TX 78711-3528                            Austin, TX 78778-0001            Bridgeport, CT 06604



U.S. Attorney General                (p)US BANK                          U.S. Department of the Treasury
Department of Justice                PO BOX 5229                         Attn: Bankruptcy Dept.
950 Pennsylvania Avenue NW           CINCINNATI OH 45201-5229            Ogden, UT 84201-0001
Washington, DC 20530-0009



Unified Services                     United States Trustee - AU12        Verizon
2635 W. 45th                         United States Trustee               Attn: Bankruptcy Div
Austin, TX 78731-5941                903 San Jacinto Blvd, Suite 230     P.O. Box 920041
                                     Austin, TX 78701-2450               Dallas, TX 75392-0041



Verizon Wireless                     Wells Fargo Business Card           Williamson County Tax Assessor
Attn: Bankruptcy Div.                P.O. Box 54349                      904 South Main
P.o. Box 660108                      Los Angeles, CA 90054-0349          Georgetown, TX 78626-5829
Dallas, TX 75266-0108
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Department of Treasury               (d)Internal Revenue Service         (d)Internal Revenue Service
Attn: Bankruptcy Div.                Attn: Bankruptcy Division           Attn: Bankruptcy Division
P.O. Box 105083                      P.O. Box 105078                     P.O. Box 105083
Atlanta, GA 30348                    Atlanta, GA 30348                   Atlanta, GA 30348
```

| | | |
|---|---|---|
| State Board of Equalization<br>State of California<br>Account & Analysis & Control Section<br>P.O. Box 942879<br>Sacramento, CA 94279 | Texas Comptroller<br>c/o Susan Combs<br>P.O. Box 13528<br>Austin, TX 78711-3528 | U.S. Bank<br>P.O. Box 790408<br>Saint Louis, MO 63179 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Brian J. Sol.<br>P.O. Box 2472<br>Stateline, NV 89449-2472 | (d)Internal Revenue Service<br>PO BOX 7346<br>Philadelphia, PA 19101-7346 | (d)Lynn H. Butler<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701-4093 |

End of Label Matrix
Mailable recipients    53
Bypassed recipients     3
Total                  56

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIVERSIFIED SOLUTIONS, INC. | § | CASE NO. 14-10069 |
|    Debtor | § | Chapter 11 |
| | § | |

**ORDER ON AMENDED EXPEDITED JOINT MOTION TO APPROVE COMPROMISE WITH GARNET ANALYTICS UNDER RULE 9019**

On this day, the Court considered the Amended Expedited Joint Motion To Approve Compromise With Garnet Analytics Under Rule 9019 filed by Diversified Solutions, Inc., Debtor-in-Possession, and Garnet Analytics, Inc. ("Garnet").

This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (B), and (O). The Court has authority to enter final orders granting the relief sought in this motion because the relief sought is sought pursuant to sections 105 of the Bankruptcy Code and Bankruptcy Rule 9019 – adjudicating public rights arising under the code.

1

Venue is proper in this District pursuant to 28. U.S.C. § 1408(1) because the Debtor's principal place of business has been located in this District for more than 180 days preceding the filing of this bankruptcy case.

Notice of the Motion is adequate under the circumstances.

Upon review of the Motion, the exhibits attached to the Motion and arguments of counsel, the Court finds that the settlement terms set forth in the Motion are reasonably adequate for this Court, in the exercise of its discretion, to approve the Motion.

ACCORDINGLY, the Court GRANTS the Amended Expedited Joint Motion To Approve Compromise With Garnet Analytics Under Rule 9019.

The Court authorizes the Debtor to enter into the compromise set forth in the Motion on the estate's behalf.

The Debtor is authorized to execute and deliver, perform under, consummate and implement any and all necessary settlement documents, together with all additional instruments and documents that may be reasonably requested or necessary or desirable to effectuate the compromise and/or implement the releases therein.

###